ROSEMARY E. TOMLINSON, Appellant, *v.* ROBERT
C. TOMLINSON, Respondent.

No. 17000

December 30, 1986 729 P.2d 1363

*LePome, Willick, & Associates,* Las Vegas, for Appellant.

*Dickerson, Dickerson, & Lieberman,* Las Vegas, for Respondent.

## OPINION

By the Court, Young, J.:

Robert Tomlinson entered the military in 1941 and married Rosemary December 30, 1946. Rosemary was granted a divorce from Robert by a Michigan court on December 22, 1971. The judgment of divorce made an award for alimony and child sup-

port, and provided for a distribution of property. However, the decree did not mention Robert's military pension.

In October 1985, Rosemary filed a complaint seeking 41 percent of Robert's gross military retirement. The district court dismissed Rosemary's complaint pursuant to Robert's motion to dismiss. The court held that if Rosemary was basing her claim upon the Uniformed Services Former Spouses Protection Act, 10 U.S.C. §§ 1401-1408, § 1408 (1982) (USFSPA), the court lacked subject matter jurisdiction. The court further concluded that if Rosemary was claiming a portion of Robert's military pension, she was barred by *res judicata* and the statute of limitations because the judgment of divorce was final and conclusive as to her claim to Robert's military retirement pay. For the reasons expressed below, we affirm the lower court's dismissal.

Rosemary's contention that the USFSPA allows a Nevada court to divide her former spouse's military pension benefits which were not mentioned in their 1971 Michigan divorce decree is without merit. On June 26, 1981, the U.S. Supreme Court decision McCarty v. McCarty, 453 U.S. 210 (1981) held that a state court could not order a division of non-disability retired pay as part of a distribution of community property incident to a divorce proceeding. Congress reversed the effect of *McCarty* by enacting 10 U.S.C. § 1408 (1982), which permits state courts to divide military benefits payable after June 25, 1981, as separate or community property in accordance with the laws of the jurisdiction in which the court sits. 10 U.S.C. § 1408(c)(1) (1982). Congress intended the legislation "to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of non-disability military retired or retainer pay." S. Rep. No. 97-502, 97th Cong., 2d Sess., reprinted in 1982 U.S. Code Cong. & Ad. News 1596, 1611. Nothing in the federal statute or legislative history, however, indicates that Congress intended 10 U.S.C. § 1408 (1982) to create new rights in spouses to alter final decrees issued prior to *McCarty*. Thus, Rosemary's right to a portion of Robert's military benefits is the same now as it was before *McCarty* or the enactment of the USFSPA.

Under Nevada law, Rosemary's rights to Robert's military pension would be determined by the laws of Michigan, the marital domicile at the time of the divorce. *See* Wicker v. Wicker, 85 Nev. 141, 143, 451 P.2d 715, 716 (1969). Michigan is an equitable distribution state which allows a court discretion in dividing the marital assets. Patrick v. Patrick, 297 N.W.2d 635 (Mich.App. 1980). Michigan allows military benefits to be

included in the marital assets, but did not decide the issue until 1978, six years after the divorce. Chisnell v. Chisnell, 267 N.W.2d 155 (Mich.App. 1978). Current Michigan law provides that military pensions should be considered as marital assets and *may* be divided. The fact that a pension is susceptible to division, however, does not mean that it *must* be divided. Keen v. Keen, 378 N.W.2d 612, 614 (Mich.App. 1985).

The doctrine of *res judicata* operates to prevent the relitigation of facts and law between the same parties or their privies. Socialist Workers Party v. Secretary of State, 317 N.W.2d 1 (Mich. 1982). The doctrine applies to bar not only issues previously litigated and decided, but also matters which might have been presented in the first action but were not. McGinn v. McGinn, 337 N.W.2d 632, 634 (Mich.App. 1983). The 1971 divorce decree provided for alimony and child support, and for the division and distribution of property owned by the parties. It is unclear whether Robert's military pension was considered or neglected. Nevertheless, both parties were represented by counsel and were not precluded from challenging this omission on a direct appeal at that time. The 1971 property settlement was not contested as being inequitable then, and it seems unlikely it would be so now. We hold that because Rosemary failed to raise this issue in 1971, she is precluded by the doctrine of *res judicata* from subsequently raising it in 1986. York v. York, 99 Nev. 491, 664 P.2d 967 (1983). Accordingly, we affirm the decision of the district court dismissing Rosemary's complaint.

MOWBRAY, C. J., and SPRINGER, GUNDERSON, and STEFFEN, JJ., concur.