YELVERTON, Judge.
Following a divorce between the Trotters in Louisiana, a suit was filed for a judicial partition of property. This appeal concerns only one issue arising out of that partition suit: the ownership of the husband’s military retirement benefits. The trial court, finding that the husband was domiciled in Alabama, a noncommunity property state, throughout his military career, held that the military retirement benefits were his separate property. The wife appealed. We affirm.
Some of the facts are not disputed. The husband, Trotter, was a domiciliary of Alabama when he enlisted in the United States Air Force in 1953. He and Joyce Trotter married in 1955 in Texas where she resided. Trotter stayed on active duty in the Air Force until 1968 when he retired as a Major. They never lived in Louisiana during the time he was on active duty. They moved to Louisiana after he retired, and were divorced here in 1976.
The trial court made the following additional findings of facts:
“While in the service, Mr. Trotter served in the states of Illinois, Wyoming, Texas, Kansas, California, Alabama and New York. He also had a tour of duty in Japan. While in the service, Mr. Trotter was a registered voter in Alabama and had Alabama registration plates on his vehicles. Reviewing all the evidence, the court concludes that Donald K. Trotter did not at any time prior to retirement affirmatively demonstrate that he was changing his domicile from Alabama.”
*1162 The trial court also found that Alabama was not a community property state. Based on these facts the court reached the conclusion that Trotter remained a domiciliary of Alabama throughout his military career, and that his retirement benefits were his separate property.
Attacking this decision, the appellant, Mrs. Trotter, first argues that the determination that Major Trotter was a domiciliary of Alabama during his military years was an erroneous finding of fact. Our examination of the record indicates that this argument is without merit. The evidence, consisting almost entirely of the testimony of the two litigants, established that Trotter was brought up in Alabama and was domiciled there when he enlisted in Birmingham in 1953. He returned to visit his kin during his service years. He was a registered voter there and remained so throughout his active duty in the Air Force. He voted in Alabama in every Presidential election, once in person and the other times by absentee ballot. His automobiles were registered in Alabama and his license tags were renewed there. His driver’s license was issued and renewed regularly by mail by the State of Alabama. In 1968 when he was discharged from active duty while stationed in Oklahoma, the Air Force issued him travel pay back to Birmingham. The extrinsic facts fully support Trotter’s testimony that he never during his active duty intended to change his domicile, and that a change of domicile occurred only after he was discharged from the Air Force and had lived in Louisiana for a period of time.
Mrs. Trotter could not dispute these salient facts. Except for a time when her husband was stationed in Japan, they were together throughout his service after their marriage. She contended that the family home (and, inferentially, the family domicile) was wherever they happened to be residing in the Air Force.
The following principles applicable to this case are found in the Louisiana Supreme Court decision of Gowins v. Gowins, 466 So.2d 32 (La.1985):
“Domicile and residence are two separate concepts. Domicile includes residence but it also includes the added element of an intent to make the residence one’s principal establishment. LSA-C.C. art. 38; Messer v. London, 438 So.2d 546 (La.1983); Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955). A person can have several places of residence but only one place of residence can be the domicile. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So2d 238 (1965).
“There is a presumption against a change in domicile and one who acquires a new domicile has the burden of proving the change. In Re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1952); Succession of Simmons, 109 La. 1095, 34 So. 101 (1903). A member of the military is presumed to retain the domicile of his home state. LSA-C.C. art. 46; Spring v. Spring, 210 La. 576, 27 So.2d 358 (1946); Walcup v. Honish, 210 La. 843, 28 So.2d 452 (1946); King v. King, 173 So.2d 882 (La.App. 4 Cir.1965).”
We agree with the trial court that Alabama was the domiciliary state of Trotter throughout his military career.
Mrs. Trotter presents the alternative argument that since the action for a partition took place in a Louisiana court, Louisiana law necessarily applies in a determination of whether the retirement benefits were separate or community. This argument is based on a statute passed by Congress in 1982 called The Uniformed Services Former Spouses’ Protection Act, of which 10 U.S.C.A., § 1408(c)(1) reads:
“A court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.”
Mrs. Trotter’s argument is that the above language requires the application of Louisiana law to the determination of the wife’s entitlement to retirement benefits. That is not correct. This circuit has held that the wife’s entitlement to retirement benefits is to be determined under the law of the state or states in which the parties were domiciled for the respective periods during *1163 which retirement benefits accrued. Menard v. Menard, 460 So.2d 751 (La.App. 3rd Cir.1984). Under this holding, Mrs. Trotter’s entitlement to these benefits is governed solely by the law of Alabama, because that was the only domiciliary state of Major Trotter throughout the time that the retirement benefits accrued.
The only remaining question raised by appellant is whether the proof of Alabama law was sufficient. This proof, in the form of a letter from the office of the Attorney General of Alabama stating that Alabama is not a community property state, along with an attached case, Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App., 1979), was admitted into evidence by the trial court. This proof was sufficient to establish the law of Alabama on the subject. La.C.C.P. art. 1391 specifically authorizes our courts to take judicial notice of the common law of a sister state and grants broad authority to a court in Louisiana to inform itself of such laws in any manner as it may deem proper. We agree with the trial court that Alabama is not a community property state. Kabaci v. Ka-baci, supra.
The decision of the trial court dismissing Joyce F. Trotter’s demand for a partition of Donald K. Trotter’s military retirement pay is affirmed, all at appellant’s costs.
AFFIRMED.