MARION DEWITT TAYLOR, APPELLANT, v. KATHLEEN VIRGINIA TAYLOR, RESPONDENT.

No. 19316

JESSE GLENN CAMPBELL, APPELLANT, v. WANDA CAMPBELL, RESPONDENT.

No. 19437

June 30, 1989                                        775 P.2d 703

[Rehearing denied August 22, 1989]

*Graves, Leavitt & Koch,* Las Vegas, for appellants Taylor and Campbell.

*LePome, Willick & Gorman,* Las Vegas, for Respondents Taylor and Campbell.

## OPINION[1]

*Per Curiam:*

In 1987, the legislature passed NRS 125.161 which gave ex-spouses of military retirement benefit recipients the right to partition the retirement benefits according to the time spent in military service during the marriage if the retirement proceeds had not been divided in the property agreement accompanying the divorce.[2] This statute in effect reversed our decision in Tomlinson v. Tomlinson, 102 Nev. 652, 729 P.2d 1363 (1986), that post-divorce partition of military retirements benefits is barred by res judicata.

The wives in these cases (respondents) each brought an action based on NRS 125.161 to partition the husbands' (appellants')

---

[1]We have consolidated these cases for disposition on appeal because they involve identical issues of law.

[2]NRS 125.161 provided, in pertinent part, as follows:

> If a decree of divorce does not provide for the disposition of military retirement benefits, the former spouse of a member of the Armed Forces of the United States who has received such a decree may bring an action in the district court for the partition of benefits to which the member spouse is or may be entitled, other than benefits for disability.

military retirement benefits in the district court after the legislature had passed NRS 125.161. Following the provisions of NRS 125.161, the district court entered judgment in favor of respondents and partitioned the military retirement benefits.

On March 20, 1989, after respondents had prevailed in the district court, the governor signed Senate Bill 11 into law, to take effect immediately, repealing NRS 125.161. Senate Bill 11 also provided that the courts would immediately lose jurisdiction over any action brought under NRS 125.161 that had been appealed but not yet affirmed by this court.[3] From the language of Senate Bill 11 it is apparent that the legislature intended to prevent all Nevada courts, including this court, from giving the benefit of the statutory partition of retirement proceeds to the nonmember spouse in any case that was still pending before the courts when the governor signed the act.

Respondents argue that, even though the legislature has taken away the statutory cause of action to divide the military retirement benefits, we may still affirm the trial court based on common law principles of community property. While we agree that Senate Bill 11 had the effect of voiding any legislative intervention into the subject of post-divorce partition of military retirement benefits and that common law again governs, we do not agree that common law dictates an affirmance of the district court's partition.

The decisional law in this state prior to the enactment of NRS 125.161 held that, absent extrinsic fraud on the part of the party opposing post-divorce partition of retirement benefits, ex-spouses

---

[3]Senate Bill 11, as enacted, provides as follows, in pertinent part:

Section 1.  NRS 125.161 is hereby repealed.

Sec. 2.  1.  Except as otherwise provided in subsection 2, the provisions of section 1 of this act:

(a) Terminate the jurisdiction of the district court over any action brought pursuant to NRS 125.161 that is pending on the effective date of this act.

(b) Do not impair or destroy any right or obligation arising from any:

. . . .

(3) . . . [J]udgment entered . . ., if the judgment is a final judgment.

. . . .

3.  As used in this section, "final judgment" means any order or judgment that is subject to appeal but which, as of the effective date of this act:

(a) Has not been appealed within the time allowed by Rule 4(a) of Nevada Rules of Appellate Procedure, if that time has expired; or

(b) Has been appealed and affirmed on appeal.

Sec. 3.  This act becomes effective upon passage and approval.

1989 Nev. Stat. ch. 34.

may not bring a new cause of action to partition retirement benefits after the property agreement has become a judgment of the court.[4] As stated above, we reached this conclusion based on res judicata. *See Tomlinson,* 102 Nev. 652, 729 P.2d 1363. We do not recognize a common law cause of action to partition retirement benefits not distributed as part of the property agreement at the time of divorce.

Since the legislature has taken away respondents' statutory cause of action and since we do not allow a common law cause of action for partition of an ex-spouse's retirement benefits after judgment has been entered on the property agreement, we reverse the judgment of the district court which partitioned the retirement benefits and, instead, instruct the district court to enter judgment in favor of appellants.

---

[4]Although there is no evidence of fraud in these cases, counsel for respondents has intimated that this rule will allow a party to "hide" the retirement benefits from the other party and the court and avoid having them divided as part of the property agreement as long as the other party does not discover the retirement benefits within the six-month period provided for by NRCP 60(b) for obtaining relief from a judgment. On the contrary, such conduct would most likely constitute a fraud on the court, and NRCP 60(b) specifically provides that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . for fraud on the court."