639 So.2d 794 (1994)
Larry J. SHERRILL, Plaintiff-Appellee,
v.
Donna J. Olds SHERRILL, Defendant-Appellant.
No. 25,889-CA.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1994.
*796 Sutton & Sutton by Bobby D. Sutton, Jr., Shreveport, for appellant.
Nelson & Hammons by Parker Self, Shreveport, for appellee.
Before NORRIS, VICTORY and WILLIAMS, JJ.
VICTORY, Judge.
Donna J. Olds Sherrill appeals a trial court judgment finding that she was not entitled to a portion of the military retirement benefits of her former husband, Larry Lee Sherrill. For the reasons stated, we reverse.

FACTS[1]
Larry Lee Sherrill entered the United States Air Force on January 2, 1958. On June 28, 1959, he married Donna J. Olds Sherrill, in New Bern, North Carolina. Mr. Sherrill continued his military service for over 20 years, until he retired on September 30, 1978. He began receiving military retirement benefits on October 1, 1978.
On January 13, 1982, Mr. Sherrill filed a petition for legal separation. A judgment of legal separation was subsequently granted on February 4, 1982. The Sherrills entered into a community property settlement on June 28, 1982; however, no mention was made of Mr. Sherrill's military retirement. A judgment of divorce was rendered on July 12, 1982.
On September 9, 1992, Mrs. Sherrill filed a petition to partition her former husband's military retirement benefits. Therein, she alleged that she was entitled to an undivided 46.38 percent interest in the retirement benefits. She requested that the trial court render a money judgment totalling 46.38 per cent of all of the past military retirement benefits paid to Mr. Sherrill since termination of the community, on January 13, 1982. She also requested that the trial court recognize her undivided 46.38 per cent interest in all future military retirement benefits.
Mr. Sherrill answered the petition to partition on October 5, 1992. Therein, he asserted that all community property issues existing between he and Mrs. Sherrill were finalized by their community property settlement. On the date of trial, January 29, 1993, Mr. Sherrill filed peremptory exceptions of prescription and res judicata. In support of his res judicata exception, Mr. Sherrill reargued that all community property issues were previously compromised. In support of his prescription exception, Mr. Sherrill claimed that more than 10 years had elapsed since execution of the settlement agreement, and that Mrs. Sherrill's partition action had prescribed pursuant to LSA-C.C. Art. 3499.
For reasons hereinafter discussed, the trial court denied Mrs. Sherrill's request for partition of the military retirement benefits. Because of the trial court's finding, no ruling was made on Mr. Sherrill's peremptory exceptions. Mrs. Sherrill appeals. We reverse.

DISCUSSION

CLASSIFICATION OF MILITARY RETIREMENT BENEFITS AS COMMUNITY PROPERTY
Prior to 1981, Louisiana courts had held that former spouses were entitled to a community share of the other spouse's military retirement pay when the right to such benefits was acquired during the marriage. See, e.g., Moon v. Moon, 345 So.2d 168 (La. App. 3d Cir.1977), writ denied, 347 So.2d 250 (La.1977); and Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir.1975). However, the law changed on June 26, 1981, when the United States Supreme Court announced, in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that military retirement pay was not subject to division under state community property regimes. In so finding, the Court stated that:
[C]ongress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone.
McCarty, 453 U.S. at 236-37, 101 S.Ct. at 2743.
*797 Thereafter, in the case of Dedon v. Dedon, 404 So.2d 904 (La.1981), Louisiana acknowledged the effect of McCarty, supra, by recognizing that the federal scheme of military retirement benefits preempted state community property law.
On September 8, 1982, the Congress accepted the U.S. Supreme Court's invitation to afford greater protection to former spouses of military retirees, by enacting the Uniformed Services Former Spouses' Protection Act (USFSPA), effective January 1, 1983. The key provision of the Act was set forth in subsection (c)(1) of 10 U.S.C. § 1408, which provided that:
Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
This statute returned to the states the authority to determine if military retired pay is to be treated as the separate property of the service member or if it is to be treated as the community property of the service member and spouse.
The language of the statute clearly indicates that Congress intended for 10 U.S.C. § 1408(c)(1) to apply retroactively in such a manner as to totally eliminate the effect of McCarty, supra. Simmons v. Simmons, 453 So.2d 631, 633 (La.App. 3rd Cir. 1984). Furthermore, Congress intended for this statute to apply to those decrees issued during the "window" between McCarty, supra, and enactment of 10 U.S.C. § 1408(c)(1). This is reflected by the Senate report which states that, "(f)ormer spouses divorced in the interim period between the McCarty decision and the effective date of this law will have the opportunity to return to court to have their decrees modified in light of this legislation." Senate Report No. 97-502, July 22, 1982, reprinted in 1982 United States Code Congressional and Administrative News, 1555, 1596-1600.
Following the passage of 10 U.S.C. § 1408(c)(1), courts were inundated with requests by former spouses in previously closed divorce cases, to apply the new statute to the partition of military retirement benefits. Johnson v. Johnson, 605 So.2d 1157, 1159 (La.App. 2d Cir.1992), writ denied, 608 So.2d 152 (La.1992). In response to this flood of cases seeking to reopen pre-McCarty divorce cases, Congress amended 10 U.S.C. § 1408(c)(1), in 1990, by adding the following phrase:
A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of a member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incidental to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.
The legislative history and purpose underlying the amendment to 10 U.S.C. § 1408(c)(1) is outlined in [1990] United States Code Congressional and Administrative News, 2931, 3166. This publication explains, that if a final decree of divorce, dissolution, annulment or legal separation was issued before the McCarty decision, and did not treat or reserve treatment of military retirement pay as the property of both the retired member and the former spouse, then the court, subsequent to McCarty, supra, may not divide retired pay between the retired member and the former spouse. Johnson, 605 So.2d at 1161. It is clear, that the intent of the Congress in amending the statute was to prevent relitigation of cases concluded prior to McCarty, supra. Johnson, 605 So.2d at 1161. Conversely, if a final decree of divorce, dissolution, annulment or legal separation was issued after McCarty, supra, courts may treat the retired pay as community property, and divide it between the retired member and the former spouse.

*798 RETROACTIVITY OF 10 U.S.C. § 1408(c)(1)

Despite the plain language of 10 U.S.C. § 1408(c)(1) and clear Congressional motivation for enactment thereof, the trial court found that Mrs. Sherrill was not entitled to a portion of the military retirement benefits. This conclusion was based upon two erroneous legal conclusions. First, the trial court found that the Congress does not have constitutional authority to overrule the U.S. Supreme Court retroactively. Second, it found that retroactive application of 10 U.S.C. § 1408(c)(1) would unconstitutionally deprive Mr. Sherrill of vested substantive rights.
These issues have been previously addressed and settled by our brethren of the Louisiana Third Circuit Court of Appeal, in Menard v. Menard, 460 So.2d 751 (La.App. 3d Cir.1984), and Simmons, supra. In Simmons, supra, the parties filed for divorce and requested partition of their community property on May 12, 1982, during the "window" between McCarty, supra, and enactment of 10 U.S.C. § 1408(c)(1). The judgment of divorce and partition was issued on June 10, 1983, subsequent to enactment of 10 U.S.C. § 1408(c)(1). In that judgment, the husband's military retirement benefits were declared community property. The husband appealed, claiming that retroactive application of 10 U.S.C. § 1408 unconstitutionally deprived him of a vested right and violated due process.
The court found the husband's contentions meritless. It concluded that retirement status for military personnel and the right to an amount of retirement benefits are controlled by statute. Furthermore, the court found that legislation providing for pension or retirement systems is generally considered remedial, and may be retrospectively applied. Simmons, 453 So.2d at 634, citing Maillet v. Board of Trustees, Teachers' Retirement System of La., 248 La. 964, 183 So.2d 321 (1966). Having found that the statute could be applied retroactively, the court analyzed whether such retroactive application comported with the test of due process. The court found that retroactive application did not violate the husband's due process rights, stating that:
The Uniformed Services Former Spouses' Protection Act is not arbitrary and irrational. The congressional purpose in enacting the Act was to provide economic protection and assistance to a particular disadvantaged group. To achieve this end, Congress eliminated the effect of McCarty and also amended various sections of Title 10, U.S.C.....
... it is evident that Congress gave particular consideration to the past regulation of military retirement pay and the public policy underlying state judgments, before giving retrospective application to any portion of the Act. The Act strikes a reasonable balance between competing economic interest [sic] and the reasonable expectations of the parties concerned. Thus, retroactive application of 10 U.S.C. Section 1408(c)(1) does not constitute a denial of due process and no vested rights have been impaired.
Simmons, 453 So.2d at 634.
In Menard, supra, the parties were also separated during the "window" between McCarty, supra, and enactment of 10 U.S.C. § 1408(c)(1). On July 27, 1982, the husband filed a partition action. However, before the property was partitioned, Congress passed 10 U.S.C. § 1408(c)(1). Based on the new statute, the wife moved to traverse the husband's previously compiled inventory of the property to be partitioned, because it did not include the husband's military retirement pay. The trial court held that the husband's military retirement pay was community property and partitioned it accordingly.
On appeal, the husband claimed that 10 U.S.C. § 1408(c)(1) could not be retroactively applied in this case. The court disagreed, stating that:
By not applying the Act retroactively, we would carve out a category of people whose cases happened to be decided between June 26, 1981, and February 1, 1983, and deprive them of substantial property *799 interests which all other similarly situated litigants have been awarded.
Menard, 460 So.2d at 754.
Simmons, supra, and Menard, supra, are in accord with similar cases of other jurisdictions, which have found retroactive application of 10 U.S.C. § 1408(c)(1) constitutional, when the judicial act terminating the community of acquets and gains was rendered during the "window" of time between McCarty, supra, and passage of 10 U.S.C. § 1408(c)(1). See, e.g., Flynn v. Rogers, 172 Ariz. 62, 834 P.2d 148 (Ariz.1992); Flannagan v. Flannagan, 42 Wash.App. 214, 709 P.2d 1247 (Wash.Ct.App.1985); Keen v. Keen, 145 Mich.App. 824, 378 N.W.2d 612 (Mich.Ct.App.1985); Castiglioni v. Castiglioni, 192 N.J.Super. 594, 471 A.2d 809 (N.J.Super.Ct.App.Div.1984); Smith v. Smith, 458 A.2d 711 (Del.Fam.Ct.1983); Walentowski v. Walentowski, 100 N.M. 484, 672 P.2d 657 (1983).
The case at bar presents no exceptional facts or circumstances which justify departure from Simmons, supra, and Menard, supra. Throughout their marriage, and until the McCarty decision, the Sherrills must have reasonably expected that Mr. Sherrill's military pension would be treated as community property by the courts of this state. Only after McCarty could Mr. Sherrill have reasonably expected to receive, as his separate property, what formerly belonged to the community. Under these circumstances, retroactive application of the act cannot be deemed unfair or unreasonable. In fact, not to apply the USFSPA retroactively would weigh more heavily against Mrs. Sherrill, and would deprive her of substantial property interests which other similarly-situated litigants have been awarded. As such, we find retroactive application of the statute constitutional. The trial court should have considered the military retirement pay at issue community property, and should have awarded Mrs. Sherrill her proportionate share.

PEREMPTORY EXCEPTIONS OF RES JUDICATA AND PRESCRIPTION
As noted, Mr. Sherrill filed peremptory exceptions of res judicata and prescription which were referred to the merits of the case. However, the trial court made no ruling on these exceptions, apparently because the court's decision on the retroactivity issue rendered them moot. Our conclusion that the military retirement benefits constitute community property necessitates consideration of the pending exceptions.[2] We find that the exceptions are also meritless.
Mr. Sherrill bases his res judicata exception upon the community property settlement which was entered into on June 28, 1982. Although the settlement did not address the military retirement benefits, it contained a residual disposition clause which stated that:
As a result hereof, the parties hereto discharge each other from any further accounting to the community formerly existing between them, or to each other, the same being fully liquidated as set forth above.
Relying upon this provision, Mr. Sherrill contends that all of the assets belonging to the former community were properly divided and "fully liquidated."
A similar argument was presented for review in Moreau v. Moreau, 457 So.2d 1285 (La.App. 3d Cir.1984). In that case, the husband retired from the military in 1968. In 1981, he and his wife legally separated, and a community property settlement was executed on March 9, 1982, during the "window" between McCarty, supra, and enactment of 10 U.S.C. § 1408. The community property settlement did not mention the husband's military retirement. In the subsequent divorce proceeding, the wife sought a one-half interest in all of the future military *800 retirement benefits that her husband might receive. The husband contended that the following clause in the community property settlement prevented the wife from receiving any of the future retirement benefits:
As a result of the transfers and agreements made herein, the parties hereby mutually discharge each other from any further accountings of the community which formerly existed between them, the same being fully liquidated as above set forth.
The court found that this provision did not cause the former wife to waive any of her rights to the future military retirement benefits. At the time that they entered into the community property settlement, both parties thought that the retirement benefits were controlled by McCarty, supra, and were the husband's separate property. Nothing in the community property settlement transferred the wife's interest to her former husband; thus, each spouse retained their respective undivided ownership interests in and to the retirement benefits.
At the time that the Sherrills entered into their community property settlement, McCarty, supra, controlled, and Mr. Sherrill's military retirement benefits were his separate property.[3] Since there is nothing in the settlement specifically addressing the military retirement benefits, Mrs. Sherrill's rights thereto have been preserved. Furthermore, none of the other provisions contained in the community property settlement transfer ownership of Mrs. Sherrill's interest to her former husband. Mr. Sherrill's peremptory exception of res judicata is meritless.
Mr. Sherrill bases his peremptory exception of prescription on LSA-C.C. Art. 3499, which provides that a personal action is subject to a liberative prescription of 10 years. He argues that any of Mrs. Sherrill's rights to supplement the community property settlement have prescribed since more than 10 years have elapsed since execution of the agreement.
Since their legal separation, Mr. and Mrs. Sherrill have co-owned the military retirement benefits. Hare v. Hodgins, 567 So.2d 670 (La.App. 5th Cir.1990), writ granted, 571 So.2d 638 (La.1990); affirmed in part and reversed in part, 586 So.2d 118 (La.1991); Lamartiniere v. Lamartiniere, 520 So.2d 828 (La.App. 3d Cir.1987). See also LSA-C.C. Art. 797, effective January 1, 1991. As a co-owner, Mrs. Sherrill has the right to demand partition of the military retirement benefits, and this right to partition is imprescriptible. Hare, 567 So.2d at 672. See also LSA-C.C. Arts. 807 and 817, effective January 1, 1991. Mr. Sherrill's peremptory exception of prescription is meritless.

CALCULATION OF MRS. SHERRILL'S PORTION OF BENEFITS
Having found that the military retirement benefits at issue belonged to the former community, and that they are co-owned by the Sherrills, we now turn to the calculation of Mrs. Sherrill's fractional interest. Although the parties presented no testimony or other evidence at the trial, the record contains interrogatories and accompanying answers that were submitted jointly for consideration by the trial court. These discovery requests and responses contain the facts necessary to calculate Mrs. Sherrill's interest.
The formula for determining the parties' interests in deferred compensation plans has been defined by the Louisiana Supreme Court in Sims v. Sims, 358 So.2d 919 (La. 1978), and T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976). This formula was subsequently expounded upon in Hare v. Hodgins, 586 So.2d 118 (La.1991). The proper method of allocation in this case is as follows:
*801
 Portion of pension
attributable to creditable
service during existence annuity or
 of community × ½ × lump sum
 payment
--------------------------
 Portion of pension
attributable to total
 creditable service
According to Mr. Sherrill's answers to the interrogatories, he was in the military for approximately 20 years and 9 months or 20.75 years. During that time, he was married to Mrs. Sherrill for approximately 19 years and 3 months or 19.25 years. Therefore, Mrs. Sherrill is entitled to ½ of 92.77 per cent, or 46.38 per cent of all of the military retirement benefits paid to her former husband.
The record before us does not contain sufficient information to allow us to calculate the amount of monthly benefits paid to Mr. Sherrill from termination of the community, January 13, 1982, through the date of rendition of this opinion. Therefore, we remand this case to the trial court for the taking of evidence, and for calculation of the amount of past benefits paid and the amount of judicial interest attributable thereto.

DECREE
Based on the foregoing, we reverse the trial court's judgment, finding that the military retirement benefits at issue were community property and that Donna J. Olds Sherrill is entitled to 46.38 per cent of the benefits as her community portion.
We remand this case to the trial court for calculation of the total amount of military retirement benefits paid to Larry Lee Sherrill, from January 13, 1982, forward. We direct the trial court to issue judgment in favor of Donna J. Olds Sherrill and against Larry Lee Sherrill, her former husband, in the amount of 46.38 per cent of the total amount of past military benefits paid, plus legal interest thereon.
We further order Larry Lee Sherrill to pay his former wife, Donna J. Olds Sherrill, 46.38 per cent of all of the military retirement benefits paid to him in the future.
REVERSED; REMANDED; AND RENDERED.
NOTES
[1] The parties presented no testimony at the trial. Instead, they stipulated to the relevant facts, and jointly submitted certain discovery requests and responses to assist the trial court.
[2] Our consideration of the exceptions is proper. The exceptions were originally raised in the trial court, and were submitted by both parties for decision on the merits. The record before us contains sufficient evidence to rule on these exceptions. Furthermore, with regard to the prescription exception, Mr. Sherrill has not demanded that the case be remanded to the trial court for trial thereof. LSA-C.C.P. 2163. See also Thomas Brady v. Parish of Ascension, 26 La.Ann. 319, 321 (1874); and Guaranty Bank & Trust Co. v. Henderson, 7 La.App. 701 (2d Cir. 1928).
[3] That the community property settlement agreement was executed during the "window" between McCarty, supra, and enactment of 10 U.S.C. § 1408(c)(1), makes this case distinguishable from Chrisman v. Chrisman, 487 So.2d 140 (La.App. 4th Cir.1986).