JAMES E. WALSH, APPELLANT, *v.*
LEE W. WALSH, RESPONDENT.

No. 17776

June 25, 1987 738 P.2d 117

*Stewart L. Bell* and *Steven E. Jones,* Las Vegas, for Appellant.

*Gang & Berkley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

James and Lee Walsh were divorced in 1980. Lee's attorney

drafted the divorce decree which the trial court adopted. James was not represented by counsel. The decree granted to Lee "one-half of [James'] pension with the United States Government." Five years after the divorce, James chose to retire and receive his U.S. government pension. At that time, Lee claimed she was entitled to receive one-half of James' entire pension, including that portion earned during the five-year period after the divorce.

James initiated a motion to clarify his and Lee's rights under the divorce decree. The Domestic Relations Referee and the Trial Court concluded that the decree unambiguously granted Lee one-half of James' entire pension, including that portion earned after the divorce. They also concluded that they lacked jurisdiction to modify the decree because six months had passed since its entry. *See* NRCP 60(b); Kramer v. Kramer, 96 Nev. 759, 762, 616 P.2d 395, 397 (1980) (the district court lacked jurisdiction to modify the divorce decree when the motion was not made within six months). We disagree with the trial court's interpretation of the divorce decree and therefore reverse.

We note first of all that only retirement benefits earned during the marriage are community property. Forrest v. Forrest, 99 Nev. 602, 607, 668 P.2d 275, 279 (1983); In re Marriage of Gilmore, 629 P.2d 1, 3 (Cal. 1981). Thus, James was entitled to retain as his sole and separate property benefits earned after the divorce. In the absence of express language specifying otherwise, we are unwilling to conclude that the phrase "one-half of [James'] pension with the United States Government" unambiguously entitles Lee to one-half of that portion of the pension earned after the divorce. In fact when read as a whole, the decree evinces a contrary intent.

The decree divides other community assets by giving James and Lee each one-half of the assets. Most importantly, the decree states that the trial court retains jurisdiction to enforce James' obligation to pay Lee her "community interest" in James' pension.

In our view, the decree entitles Lee only to one-half of that portion of the pension earned prior to the divorce. We also conclude that the decree can be interpreted based on the language in the decree itself, without resort to extraneous evidence. Therefore, remand for an evidentiary hearing is unnecessary.

GUNDERSON, C. J. and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.