884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James E. WALSH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3134.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1989.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, No. DA08318810333, upholding the Office of Personnel Management's apportionment of James E. Walsh's annuity, is affirmed.
 
 OPINION
 
 2
 5 U.S.C. Sec. 8345(j) (1982) provides that "Payments ... which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) ... to another person if and to the extent expressly provided for in the terms of any court decree of divorce...." OPM is tasked with administering the statute, id. Sec. 8347(a), but the divorce decree controls all payments, and OPM has no discretion to determine the portion of the annuity payable to another person. S.Rep.No. 1084, 95th Cong., 2d Sess. 3, reprinted in 1978 U.S. Code Cong. & Admin. News 1379, 1381.
 
 
 3
 The Walshs' divorce decree does not state a fixed dollar amount or that post-divorce pay increases cannot be taken into account. See OPM Guidelines, 5 C.F.R. app. Pt. 831 I(D), at 241 (1989). The Nevada Supreme Court held that only retirement benefits earned during the marriage are community property and Walsh's former wife is entitled to only "one-half of that portion of the pension earned prior to the divorce." Walsh v. Walsh, 738 P.2d 117, 118 (Nev.1987). Walsh was not entitled to a pension on the date of his divorce, but only when he retired five years later. The post-divorce pay increases were based in part on Walsh's service while married. To exclude these increases, the decree should have expressly so provided. Accordingly, OPM complied with the decree by factoring out the years of service that Walsh served after the divorce but including the post-divorce increases in his pay.
 
 
 4
 OPM regulations state when an order is neutral as to the source of the payment, OPM will directly pay the former spouse. 5 C.F.R. Sec. 831.1704(c)(1)(i). Nowhere in the divorce decree does it say that Walsh should be paid the full annuity. The decree is neutral, and OPM properly paid her portion of the annuity directly to Walsh's former wife.