AURORA CARRELL, APPELLANT, v.
JOHN CARRELL, RESPONDENT.

No. 22271

September 1, 1992                    836 P.2d 1243

*Gerald W. Hardcastle,* Las Vegas, for Appellant.

*Simmons, Madson & Snyder,* Las Vegas, for Respondent.

---

[5]The Honorable Lew Carnahan, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE THOMAS L. STEFFEN, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

On April 20, 1989, respondent, John Carrell, filed for a divorce from appellant, Aurora Carrell. Following a trial on July 30, 1990, the district court entered a decree of divorce and divided the Carrells' community property, including their respective pensions. Aurora disagreed with the district court's property division and subsequently filed a motion for a new trial. Although the district court denied Aurora's motion, it amended its findings of fact and awarded an additional $7,696.69 to Aurora. The district court, however, also ordered Aurora to pay John $6,001.00 for post-trial attorney's fees.

On appeal, Aurora contends that the district court erred in dividing the Carrells' pensions because it erroneously characterized a portion of her share of the pensions as spousal support. Specifically, Aurora points out that the court awarded each party its own pension and, since Aurora's pension was worth less than John's pension, subsequently required John to pay "spousal support" to Aurora in an amount that would result in a fifty/fifty division of the pensions. We agree with Aurora and conclude that the district court erred when it characterized a portion of Aurora's share of the pensions as spousal support.

In Walsh v. Walsh, 103 Nev. 287, 738 P.2d 117 (1987), we held that retirement benefits earned during marriage are community property. As community property, retirement benefits are afforded certain rights which do not attach to spousal support awards. Specifically, community property is not subject to future modification whereas spousal support can be modified upon a showing of changed circumstances, remarriage, or death. NRS 125.150(5), (7). Consequently, the district court erred when it characterized Aurora's community property as "spousal support," thereby subjecting it to possible future modification.

Aurora also contends that the district court abused its discretion when it awarded John $6,001.00 in attorney's fees for post-trial proceedings. We agree. Under NRS 125.150(3), a district court may, in a divorce action, award reasonable attorney's fees

to either party. Such an award lies within the sound discretion of the district court and will not be overturned on appeal absent an abuse of discretion. Schwartz v. Schwartz, 107 Nev. 378, 812 P.2d 1268 (1991). If the district court awards attorney's fees but makes no findings regarding the award, this court must rely on an examination of the record to determine if the district court has abused its discretion. Schouweiler v. Yancey Co., 101 Nev. 827, 712 P.2d 786 (1985).

In the present case, the district court awarded John $6,001.00 but made no specific findings regarding the award; after reviewing the record, we conclude that the award is not supported. First, we note that in John's opposition to Aurora's motion for a new trial, John stated that he had spent only $2,101.00 in attorney's fees for post-trial proceedings. Although it is possible that John later spent more than $2,101.00,[1] there is nothing in the record to substantiate an award of $6,001.00. Furthermore, as a result of Aurora's motion for a new trial, the district court awarded her an additional $7,696.69; however, the district court subsequently reduced this amount to $1,695.69 after deducting John's attorney's fees. Hence, because the court made no findings with regard to its award of $6,001.00 and because we find no support for this award, we conclude that the district court abused its discretion.

We have carefully considered Aurora's remaining contentions and conclude that they lack merit. Accordingly, we reverse the district court's judgment with regard to the characterization of Aurora's pension award and the award of attorney's fees, and we remand with instructions to recharacterize Aurora's portion of the pension funds as community property, to make findings regarding the award of attorney's fees and to enter an award based on those findings. We affirm the judgment in all other respects.

MOWBRAY, C. J., SPRINGER, ROSE and YOUNG, JJ., and SHEARING, D. J.,[2] concur.

---

[1]Subsequent to John's request for attorney's fees, which was filed with his opposition to Aurora's motion for a new trial, John's attorney presumably represented him at the hearing on the motion, thus incurring additional fees. Also, the record indicates that John filed supplemental points and authorities after he had requested attorney's fees.

[2]The Honorable Miriam Shearing, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE THOMAS STEFFEN, Justice. Nev. Const. art. 6, § 4.