Rose, J.,
dissenting:
I realize that by federal law and court decision present or future payments of social security benefits cannot be transferred, assigned, or subject to any legal process. 42 U.S.C. §§ 407(a), 662(c) (1994); Olson v. Olson, 445 N.W.2d 1 (N.D. 1989); Marriage of Swan, 720 P.2d 747 (Or. 1986). My concern is that the transfer/assignment prohibition has been unduly extended by state courts as in Olson and Swan to prohibit any consideration of a party’s social security benefits when a state court is dividing property in a divorce. I do not find this mandated by federal law or United States Supreme Court decision.
Although a dollar for dollar offset of anticipated social security benefits against a spouse’s award would violate federal law, I find no mandate that would preclude a court, in its equitable determinations, from merely considering the fact that one spouse is likely to receive federal retirement benefits.
The prohibition of any consideration of social security benefits accrued by one party during marriage usually creates an inequity in the division of property between divorcing parties. When one party has a state or private pension and the other person has accrued social security benefits, the person with a state or private pension fares poorly in property division when compared to the other party.
This case is a good example of my concern. Gerhard has a vested state pension, and that portion accrued during marriage is community property that presumptively is to be divided equally. Walsh v. Walsh, 103 Nev. 287, 288, 738 P.2d 117, 117 (1987). During Roberta’s career, she was making more than $100,000 a year and has accrued substantial social security benefits to be paid *1365 to her in the future. Granted, Gerhard might share in some of the social security benefits accumulated by Roberta because the parties were married for over ten years, after he reaches age 62 so long as he remains unmarried. By the inability to consider Roberta’s social security benefits that should be substantial when she reaches sixty-five, we have a situation where one spouse is compelled by state law to share his pension benefits acquired during marriage and the other is not. Roberta gets one-half of Gerhard’s pension, and the lion’s share of the social security benefits that will accrue. Gerhard gets one-half of his pension and the modest amount that the social security system may grant him as Roberta’s former spouse. This seems patently unfair to me.
Nevada law directs that, to the extent practicable, community property is to be divided equally, but an unequal division can be made for compelling reasons. NRS 125.150.1 would consider the inequity presented in this case as a compelling reason; and I see no reason why a district judge cannot look at the totality of circumstances as directed by Nevada law and consider the benefits one party may derive in the future from accrued social security benefits. This is not an assignment or set-off of social security benefits, but rather it is a recognition of the assets the parties presently have or benefits they can reasonably anticipate receiving in the future, and it will prevent one party from reaping a windfall and the other suffering a hardship merely because of the type of pension benefits received from employment.
I do not think the district court’s modest reduction in monthly payment should be considered an “offset” of future social security benefits. In fact, I would remand the case to the district court to divide all separate and community property equitably after considering the totality of facts, and this, of course, includes Roberta’s substantial accrued social security benefits that she will reap in the future.