IN THE SUPREME COURT OF THE STATE OF NEVADA

LOUISA M. PETERSON,
Appellant,
vs.
JAMES A. PETERSON,
Respondent.

No. 77478

FILED

MAY 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court post-divorce-decree order denying a motion to divide omitted assets. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze and Bryce C. Duckworth, Judges.

Appellant Louisa Peterson and respondent James Peterson divorced in 2017. The decree divided James's military retirement benefits but did not expressly address his Thrift Savings Plan (TSP) or Survivor Benefit Plan (SBP). Louisa sought division of the TSP and SBP under NRS 125.150(3), which allows a party to move for the adjudication of community property mistakenly or fraudulently omitted from the divorce decree within three years of discovering the mistake or fraud. The district court denied her motion and this appeal followed.

Addressing the TSP, the district court found that James had not contributed any marital funds to the account and thus refused to adjudicate it as omitted community property under NRS 125.150(3). But the record does not contain substantial evidence to support this finding.[1]

_____

[1]The district court relied on "counsel's representations" that James did not contribute any marital funds to the account, but "[a]rguments of counsel are not evidence and do not establish the facts of the case." *Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d

20-19557

James conceded as much when he agreed to a limited remand on this issue in his appellate brief and during oral argument. We therefore reverse the district court's order as it pertains to the TSP and remand for further proceedings. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that we may set aside factual findings that lack the support of substantial evidence). On remand, James must produce evidence that he did not contribute marital funds into the TSP and the district court must render its decision based on the evidence.

Addressing the SBP, the district court found that it was "simply a right under" the military pension that the parties failed to exercise. The court therefore concluded that it was not an omitted asset under NRS 125.150(3). We review the district court's interpretation of the divorce decree and its conclusion that the SBP was not an omitted asset de novo. *See Henson v. Henson*, 130 Nev. 814, 818, 334 P.3d 933, 936 (2014) ("Because a district court's interpretation of a divorce decree presents a question of law, this court reviews such an interpretation de novo."); *see also Kilgore v. Kilgore*, 135 Nev. 357, 359-60, 449 P.3d 843, 846 (2019) (reciting the well-established rule that this court reviews factual findings deferentially, but conclusions of law de novo).

---

1250, 1255 (2014) (internal quotation and alteration omitted). Further, the pay stubs James *did* offer as evidence show only that there was a three-month period in 2016 during which he did not contribute funds to the TSP, which is insufficient to support that he did not fund the TSP for the entire marriage.

To warrant adjudication under NRS 125.150(3), the SBP must be (1) community property and (2) omitted by mistake or fraud.[2] We have repeatedly held that benefits earned during marriage are community property even when the member spouse receives the benefit only after the marriage. *Id.* at 366, 449 P.3d at 850 (holding that "vacation and sick pay earned and accrued during a marriage are community property and subject to equal division"); *Walsh v. Walsh*, 103 Nev. 287, 288, 738 P.2d 117, 117 (1987) (holding that "retirement benefits earned during the marriage are community property"). Because James admitted both in the district court briefing and at oral argument that the SBP was a community property asset that was "inadvertently omitted" from the divorce decree, we conclude that under these particular facts, his admission is sufficient to establish that the SBP was omitted by mistake under NRS 125.150(3).[3]

We therefore reverse the district court's order as it pertains to the SBP and remand for the district court to adjudicate the SBP under NRS 125.150(3). On remand, the district court must comply with NRS 125.150(3)'s mandate to "equally divide the omitted community property," unless it finds "a compelling reason" not to, which it must set forth in writing. However, the district court is not *required* to order James to select an SBP and designate Louisa as the sole beneficiary. It might instead

---

[2]NRS 125.150(3) also requires that the party move for adjudication within three years of discovering the mistake or fraud, which Louisa undisputedly did.

[3]Because of James's concession, we need not make a legal determination on appeal of whether the SBP here is a community property asset or a mere "right" to be exercised under the military pension.

exercise its broad discretion to deny the requested relief or provide an alternative form of equitable relief.

Accordingly, we ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Hon. Bryce C. Duckworth, District Judge, Family Court Division
Hon. Sandra L. Pomrenze, District Judge, Family Court Division
James J. Jimmerson, Settlement Judge
Willick Law Group
James E. Smith
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A