MARTIN ANDREW WILLIAMS, Appellant, v. MIL–
DRED ALICE WILLIAMS (DAVIS), Respondent.

No. 5933

January 26, 1970                    464 P.2d 466

*Jones & Jones,* of Las Vegas, for Appellant.

*George E. Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, Thompson, J.:

Three years after the entry of a final default judgment of divorce against him, Martin Williams moved the district court to modify that judgment by deleting therefrom an order directing him to deed his interest in described Nevada real property

to the plaintiff Mildred. It is his contention that the order was void since it exceeded the relief requested by the plaintiff's complaint. The district court declined to accommodate Martin. This appeal is from the order denying his motion, and from a related order. We affirm.

Martin was personally served with process in Nevada. The plaintiff alleged that the real property in issue was community property and asked the court to make a fair and equitable disposition of it. Martin failed to appear in the case and allowed the court to dispose of the real property without contest. The court found the property to be community property and gave it to the plaintiff. The court enjoyed complete jurisdiction over the parties and the real property, and its order is not now subject to challenge by motion under Rule 60 or otherwise. Cf. Misty Management v. District Court, 83 Nev. 180, 182, 426 P.2d 728 (1967).

The essence of Martin's distress is that the court found that the property was community, when in fact it was held by him and his wife as joint tenants. His opportunity to challenge the plaintiff's characterization of the property as community has long since passed. He should have appeared in the case and offered appropriate proof at that time if such proof was available to him. He did not do so. The transmutation of property held in joint tenancy by husband and wife to community property is susceptible of proof. Mullikan v. Jones, 71 Nev. 14, 278 P.2d 876 (1955). The wife testified that the property was community, and her testimony stands undenied and uncontroverted in the divorce action. It was permissible for the court to characterize the property as community and dispose of it as it did. That ruling is res judicata, and Martin's challenge is foreclosed.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.