JEROME P. KRAMER, APPELLANT, *v.* FRANCES D. KRAMER, RESPONDENT.

No. 11930

September 11, 1980

616 P.2d 395

*R. Steven Young,* Las Vegas, for Appellant.

*Rogers, Monsey, Woodbury & Berggreen,* and *Douglas G. Crosby,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Jerome Kramer appeals from an order modifying the distribution of community property established in a divorce decree entered in January, 1976. He contends that the district judge lacked jurisdiction to modify the judgment entered three years before the motion to modify. We agree and reverse.

In 1973, respondent, Frances Kramer, filed for divorce from Jerome. Thereafter, a reconciliation was attempted and the parties stipulated to dismiss the divorce action. As part of the reconciliation, Jerome quitclaimed his interest in the "Monterey Street property" to Frances. Frances quitclaimed her interest in the "Spring Mountain property" to Jerome and his mother as joint tenants. The reconciliation attempt failed, and Frances filed for divorce on July 8, 1975.

A divorce decree was entered July 21, 1975, awarding the "Monterey property" to Frances and the "Spring Mountain property" to Jerome. However, on January 2, 1976, the aforementioned distribution of property was altered in a modified divorce decree wherein both pieces of property were adjudicated to be community property and owned equally by Frances and Jerome as tenants in common.

Three years later, on March 6, 1979, Frances filed a motion to modify the modified decree on the ground of intrinsic fraud. The opposition to modify the modified decree was not timely filed pursuant to the Rules of Practice, Eighth Judicial District Court, State of Nevada, Rule 2.3. Jerome failed to file his response within ten days after service of the motion on March 9, 1979.[1] As a result, the district court ruled that Jerome had waived his right to object to the motion, and awarded his interest in the "Spring Mountain property" to Frances.

Jerome contends that NRCP 60(b) governs the motion to modify the modified decree regarding property distributions. NRCP 60(b) requires that such motion be filed within six months after the decree was entered.[2] Jerome argues that because Frances filed the motion to modify three years after the decree was entered, the district court was without jurisdiction to modify the divorce decree concerning property distributions. We agree.

A decree of divorce cannot be modified or set aside except as provided by rule or statute. Lam v. Lam, 86 Nev. 908, 478 P.2d

---

[1]Rules of Practice, Eighth Judicial District Court, State of Nevada, Rule 2.3 Motions; contents; responses and replies.

(a) All motions shall contain a notice of motion setting the same for hearing on a day when the judge to which the case is assigned is hearing civil motions and not less than 21 days from the date the motion is served and filed. A party filing a motion shall also serve and file with it a memorandum of points and authorities in support of each ground thereof. The absence of such memorandum may be supported.

(b) Within 10 days after the service of the motion, the opposing party shall serve and file his written opposition thereto, together with a memorandum of points and authorities and supporting affidavits, if any, stating facts showing why the motion should be denied. Failure of the opposing party to serve and file his written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.

[2]NRCP 60(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

146 (1970). NRS 125.150(5) governed subsequent modification of orders adjudicating property rights.[3] NRS 125.150(5) allowed the parties to stipulate to modification of the decree, whether or not the court had retained jurisdiction to modify.[4] It did not provide for the court's continuing jurisdiction regarding property rights. If the legislature had intended to vest the courts with continuing jurisdiction over property rights, it would have done so expressly, as it did in NRS 125.140(2) concerning child custody and support.[5]

Absent specific authorization for continuing jurisdiction over property rights, NRCP 60(b) governs motions to modify property rights established by divorce decrees. In re Marriage of Gallegos, 580 P.2d 838 (Colo.App. 1978). Frances' motion to modify was filed three years after the decree was entered; not within six months, as NRCP 60(b) requires. Therefore, the district court was without jurisdiction to modify the decree regarding the property distribution. McCarroll v. McCarroll, 96 Nev. 455, 611 P.2d 205 (1980). The decree in all respects, except as to custody and support of the minor children, became unmodifiable six months after the decree was entered. Schmutzer v. Schmutzer, 76 Nev. 123, 125, 350 P.2d 142, 144 (1960). The fact that Jerome's opposition to the motion to modify the modified decree was not timely filed, cannot procedurally supply the district court with jurisdiction that is substantively lacking. *See* Lauer, et al. v. District Court, 62 Nev. 78, 140 P.2d

---

[3]NRS 125.150(5) was amended in 1979 and is now NRS 125.150(6).

[4]NRS 125.150(6)   Alimony and adjudication of property rights; award of attorney's fee; subsequent modification by court.

If the court adjudicates the property rights of the parties, or an agreement by the parties settling their property rights has been approved by the court, whether or not the court has retained jurisdiction to modify them, the adjudication of property rights, and the agreements settling property rights, may nevertheless at any time thereafter be modified by the court upon written stipulation signed and acknowledged by the parties to the action, and in accordance with the terms thereof.

[5]NRS 125.140   Order concerning custody of and provision for children; continuing jurisdiction of the court.

2.   In actions for divorce the court may:

(a) During the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as appears in their best interest; and

(b) At any time modify or vacate its order, even if the divorce was obtained by default without an appearance in the action by one of the parties.

The party seeking such an order shall submit to the jurisdiction of the court for the purposes of this subsection. The court may make such an order upon the application of one of the parties or the legal guardian of the minor.

953 (1943). Consequently, the order modifying the modified decree of divorce is reversed because the district court lacked jurisdiction to modify.

MOWBRAY, C. J., and THOMPSON and MANOUKIAN, JJ., and ZENOFF, SR. J.,[6] concur.