KATIE LEE FULLER, APPELLANT/CROSS-RESPONDENT, v. JAMES GEORGE FULLER, RESPONDENT/CROSS-APPELLANT.

No. 20026

KATIE LEE FULLER, APPELLANT, v. JAMES GEORGE FULLER, RESPONDENT.

No. 20109

June 28, 1990                              793 P.2d 1334

*Muriel R. Skelly,* Reno, for Appellant/Cross-Respondent.

*Lionel Sawyer & Collins* and *Richard Horton,* Reno, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

The only issue of merit before us is whether the district court erred by denying respondent's motion requesting that appellant pay her share of a debt secured by a community property condominium. We conclude that the district court did err.

### FACTS

At the divorce trial of James and Katie Fuller, Katie made it clear that she wanted to receive the parties' interests in the North Shore-Tahoe Partnership (Partnership) and other properties. She continued in her desire despite James' testimony that the partnership was approximately five and a half million dollars in debt and that he would be responsible for 12.4 percent of this debt. Pursuant to the judgment and decree of divorce, the district court honored Katie's request and awarded her all of the parties' interests in the North Shore-Tahoe Partnership and the other properties in consideration for her agreement to hold James harmless from all claims arising from the partnership and the other properties. Katie subsequently made a motion to set aside the divorce decree, arguing that James hid the liabilities of the partnership from her and the court. The district court denied this motion.

In the property distribution, the district court ordered that the community property marital dwelling be sold with reasonable promptness and the proceeds from the sale be applied toward several debts. One of these debts was an obligation of approximately $93,000.00 owed to William Cahill, the "Cahill Obligation." The Cahill Obligation was secured by James' separate interest in certain properties and a deed of trust on a community property condominium located at Incline Village, Nevada. In

addition, the district court awarded the condominium as separate property to James. Katie's appeal of the judgment and decree was dismissed by this court on April 4, 1985.

However, before the sale of the marital dwelling, James sold the condominium and the proceeds from the sale were used to pay off the Cahill Obligation in full. Consequently, James filed a motion that Katie should reimburse him one-half of the Cahill Obligation. The district court, sitting with a different judge, denied the motion and found the Cahill Obligation was James' separate debt.

## DISCUSSION

On appeal, Katie argues that James committed fraud upon the lower court by purposefully preventing the value of the North Shore-Tahoe Partnership from being decided below. Accordingly, Katie contends the decree of divorce should be set aside.

This contention lacks merit. The extent of the partnership's liabilities and James' obligation for those liabilities were freely brought out in open court by James. Also, Katie offers no evidence whatsoever that there are additional partnership liabilities not represented by the five and a half million dollar debt figure or that James hid other liabilities of the partnership. Thus, because James did not commit fraud upon the court, the district court correctly denied Katie's Motion to Set Aside the Decree of Divorce.

On cross-appeal, James insists the district court erred by denying his motion that Katie reimburse him for her share of the Cahill Obligation. Specifically, James argues the Cahill Obligation was a community debt and the district court lacked jurisdiction to modify the original judgment and decree by deciding the Cahill Obligation was his separate debt.

This argument has merit. By finding that the condominium was community property in the judgment and decree of divorce, the district court impliedly found that the Cahill Obligation was a community debt.

The district court does not have jurisdiction to modify a decree of divorce unless a rule or statute so provides. *See* Kramer v. Kramer, 96 Nev. 759, 761, 616 P.2d 395, 397 (1980). Here, there is no such rule or statute; consequently, the district court lacked jurisdiction to modify the divorce decree by concluding that the Cahill Obligation was James' separate debt rather than a community property debt. *Id.* at 762, 616 P.2d at 397-398. As a result, the original divorce decree, including the provision as to

payment of the Cahill Obligation, is *res judicata. See* Williams v. Williams (Davis), 86 Nev. 47, 48, 464 P.2d 466, 467 (1970). Thus, we reverse that portion of the district court order declaring the Cahill Obligation to be the separate debt of James.

Therefore, we affirm the court below except that part of the order denying James' motion requesting that Katie pay her share of the Cahill Obligation. Accordingly, we reverse the order of the district court denying James' motion and remand this case to the district court to determine the amount of reimbursement to be paid James.

Upon review of the record, we conclude that the parties' remaining contentions lack merit.[1]

---

[1]The Honorable Charles E. Springer, Justice, voluntarily recused himself from participation in the decision of this appeal.