FRANCIE A. BONNELL, APPELLANT, *v.* SABRINA D. LAWRENCE AND STEVEN LAWRENCE, RESPONDENTS.

No. 56542

August 9, 2012

282 P.3d 712

*Kemp, Jones & Coulthard, LLP*, and *Carol L. Harris* and *J. Randall Jones*, Las Vegas, for Appellant.

*Howard & Howard Attorneys PLLC* and *James A. Kohl*, Las Vegas, for Respondents.

Before CHERRY, C.J., PICKERING and HARDESTY, JJ.

## OPINION

By the Court, PICKERING, J.:

This is an appeal from an order dismissing an independent action to obtain relief from an otherwise unreviewable final judgment. Such an action will lie only when needed to prevent a grave miscarriage of justice. Because the allegations and record in this case do not meet this demanding standard, we affirm.

### I.

This is the second of two lawsuits brought by appellant Francie Bonnell against her daughter and son-in-law, respondents Sabrina and Steven Lawrence. The first suit ended in summary judgment against Bonnell. The second suit underlies this appeal. In it, Bonnell seeks to undo the summary judgment in the first suit, along with its associated fee award.

This family stand-off traces back to a $135,000 payment that Bonnell made to retire the mortgage debt on her daughter's home (sometimes called "the Lindell premises"). Bonnell saw the payment as an advance on what her daughter would eventually inherit anyway, but with a catch: She expected, in return, a life estate in the Lindell premises, allowing her to live in the home, rent-free, for the rest of her life. The daughter acknowledges the $135,000 payment. However, she viewed it as a loan—which she and her husband repaid when they deeded Bonnell a different home (the Arbor premises) with equity of $135,000+. No writing memorializes the agreement, if indeed there was one.

In her first suit, Bonnell asserted a variety of legal and equitable claims, all premised on her claimed life estate in the Lindell premises. After 14 months of litigation, Bonnell's lawyer withdrew, leaving her to proceed in proper person. Not long after, the Lawrences, who have had counsel throughout, moved for summary judgment. Their motion was supported by, among other documents, Sabrina Lawrence's affidavit. The affidavit lays out the parties' competing views of the $135,000 payment (Bonnell alleges "she has an unwritten life estate in the [Lindell] premises" that she "claims she received . . . in exchange for $135,000 that she gave Sabrina to pay off an existing mortgage on the Lindell premises"; the Lawrences maintain that the $135,000 was a "loan" they "repaid . . . when [Bonnell] received a $135,000 credit on the purchase of the Arbor Premises."). It also discloses that, for a time, Bonnell lived rent-free in the Lindell premises.

Bonnell received the motion for summary judgment, but she did not file a written opposition to it, and it was granted by written order. In the order, the district judge determined that Bonnell's claims were "meritless" because they were based on a fully repaid loan; he further held that the statute of frauds, NRS 111.205, defeated Bonnell's oral life estate claim. Additional motion practice followed, in which Bonnell represented herself, whereby the Lawrences recovered their attorney fees and costs. Bonnell received written notice of entry of the summary judgment and fee award. She neither moved for reconsideration under NRCP 59 or relief from judgment under NRCP 60(b), nor appealed.

More than a year later, Bonnell obtained new counsel, who filed this second suit on her behalf. Although filed in the same judicial district and repeating the claims in the first suit, the second suit went to a new district court judge. Attaching excerpts from the summary judgment record in the first suit as exhibits, the second-suit complaint acknowledges that the prior summary judgment ordinarily would preclude Bonnell from suing again on the same claims. Nonetheless, Bonnell alleges that she can proceed by "independent action pursuant to Rule 60(b)" to vacate the prior judgment because the Lawrences obtained it when she was between lawyers and unfairly exploited her unrepresented status. Specifically, Bonnell alleges that the Lawrences gave her faulty notice of the summary judgment hearing, which prevented her from orally opposing the motion. She further alleges, "A meritorious defense [*i.e.*, the doctrine of 'partial performance'] exists to [the Lawrences'] argument that NRS 111.205 defeats [Bonnell's] claim to a life estate in the Lindell Property, and the interests of justice demand that this issue be litigated on the merits."

The Lawrences moved to dismiss the second suit for failure to state a claim under NRCP 12(b)(5). They argued that res judicata[1] bars relitigation of Bonnell's claims and that, to the extent Bonnell identified grounds for avoiding the prior summary judgment, she could and should have asserted them by motion under NRCP 60(b)(1)-(3) within the six-month deadline specified in the rule. Bonnell countered that "misrepresentation [and/]or other misconduct of the adverse party" can serve as the basis for either a motion or an independent action for relief from judgment and that, since an independent action is not subject to NRCP 60(b)'s time limits on motions, she deserves to proceed past the pleadings.

The district court credited the Lawrences' arguments, rejected Bonnell's, and dismissed the second suit with prejudice. Bonnell timely appeals.

## II.

Some background is helpful to place the issues presented by this appeal in context. Rule 60(b) of the Nevada Rules of Civil Procedure is modeled on Rule 60(b) of the Federal Rules of Civil Procedure, as written before the latter's amendment in 2007. *See NC-DSH, Inc. v. Garner*, 125 Nev. 647, 650-51 nn.1 & 2, 218 P.3d 853, 856 nn.1 & 2 (2009). Like its federal counterpart, NRCP 60(b) permits relief from judgment by motion or by independent action. Addressing *motions*, the rule specifies both the permissible grounds, *see* NRCP 60(b)(1)-(5),[2] and the time deadlines that apply, *see* NRCP 60(b) (a motion under Rule 60(b) "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 6 months after . . . written notice of entry of the judgment or order was served"). The rule's reference to relief by *independent action*, by contrast, provides no

---

[1] In *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1051-56, 194 P.3d 709, 711-14 (2008), we replaced res judicata terminology with claim and issue preclusion. Addressing affirmative defenses, NRCP 8(c) retains res judicata terminology, which the parties used in briefing this matter.

[2] NRCP 60(b) provides as grounds for relief by motion: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; or, (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application." These track the grounds for relief by motion under Fed. R. Civ. P. 60(b), except that Nevada omits the "catchall" provision in Fed. R. Civ. P. 60(b)(6), which allows "any other reason that justifies relief" as a basis for a Federal Rule 60(b) motion. Nevada also shortens the time limit for bringing a motion for reasons (1) through (3) from one year to six months.

specifics. It appears in a "savings clause," which states only: "This rule [*i.e.*, NRCP 60(b)] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."

Bonnell bases her independent action on "misrepresentation or other misconduct of an adverse party"—recognized grounds for relief from judgment by motion under NRCP 60(b)(3).[3] However, despite knowing about the judgment, Bonnell did not timely pursue motion-based relief under NRCP 60(b)(3). Because NRCP 60(b)'s text makes its time deadlines applicable only to motions, not independent actions, *see Nevada Industrial Dev. v. Benedetti*, 103 Nev. 360, 365, 741 P.2d 802, 805 (1987) ("[t]he only time limitations on independent actions under Rule 60(b) are laches or a relevant state of limitations"), Bonnell argues that she can proceed by independent action to set aside the summary judgment and associated fee award, despite her delay. In essence, Bonnell argues that a litigant who seeks relief from a final judgment but lets the time for doing so by motion under NRCP 60(b)(1)-(3) expire, can do so by independent action, so long as she alleges facts that might qualify for motion-based relief under NRCP 60(b)(1)-(3).

But this is not the law. "Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868, at 397-98 (2d ed. 1995). To obtain relief by independent action after a judgment has become final and otherwise unreviewable, a claimant must meet the traditional requirements of such an equitable action, which are considerably more exacting than required for relief by motion under NRCP 60(b)(1)-(3).[4] Furthermore, "under the Rule,

---

[3]Bonnell argues on appeal that the facts might also support relief based on mistake. We do not address this argument because it was not made to the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[4]The classic formulation of the pre-Civil Rules requirements for an action in equity seeking relief from judgment appears in *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903), *quoted in* 11 Wright, Miller & Kane, *supra*, § 2868, at 397:

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the [party seeking to undo] the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of [said party]; and (5) the absence of any adequate remedy at law.

Nevada's pre-Civil Rules formulation is similar. *See, e.g., Royce v. Hampton*, 16 Nev. 25, 30 (1881) ("'To entitle a party to relief from a judgment or de-

an independent action [is] available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). This is a "demanding standard," *id.*, that Bonnell's allegations of overreaching and legal error do not nearly approach.

## A.

We review the district court's order of dismissal under the standards applicable to a motion for summary judgment, because the Lawrences' motion to dismiss, like Bonnell's complaint, attached excerpts from the first-suit record that the district court considered without objection. *See Witherow v. State, Bd. of Parole Comm'rs*, 123 Nev. 305, 308, 167 P.3d 408, 409 (2007) (when the district court considers outside matters in deciding a motion to dismiss, this court reviews the disposition "as if it [had] granted summary judgment"). The question remains, though, whether our review is de novo, as Bonnell argues it should be, *see id.* at 307-08, 167 P.3d at 409, or deferential, utilizing the "abuse of discretion" standard that applies to an appeal from an order granting or denying a motion for relief from judgment under NRCP 60(b), *see NC-DSH*, 125 Nev. at 657 n.4, 218 P.3d at 860 n.4, as the Lawrences maintain.

This is not a case in which the aggrieved party returned to the same judge who entered judgment to ask for relief from it. *See Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 879 (8th Cir. 2010) ("Application of the abuse-of-discretion standard is particularly appropriate" when the same judge presided over the original and succeeding independent action; this judge "not only had a front-row seat for, and personal involvement in, the underlying matter" that produced the targeted judgment, "but he expressly drew upon his personal knowledge and stated in his ruling [on summary judgment in the independent action] that he was not defrauded by any of the alleged instances of malfeasance."). Nor is this a case in which the district court decided the equitable claim for relief from judgment on the merits after a plenary hearing. *Cf. Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (because an independent action for relief from judgment "is an equitable action, we would ordinarily review the district court's decision for an

---

cree, it must be made evident that he had a defense upon the merits; and that such defense has been lost to him, without such loss being attributable to his own omission, neglect, or default. The loss of a defense, to justify a court of equity in removing a judgment, must, in all cases, be occasioned by the fraud or act of the prevailing party, or by mistake or accident on the part of the losing party, unmixed with any fault of himself or his agent.' " (quoting *Freeman on Judgments* § 486)).

abuse of discretion''; nonetheless deciding, as a question of law, whether the allegations in the independent action were sufficient, under *Beggerly*'s ''demanding standard'' of a ''grave miscarriage of justice,'' 524 U.S. at 47, for the action to proceed). On the contrary, Bonnell brought this suit as an independent action, before a new district court judge, who determined its viability as a matter of law, on a motion to dismiss or for summary judgment. In this setting, ''*de novo* review clearly applies.'' *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

Of note, applying review appropriate to summary judgment does not lessen the ''demanding'' substantive law that applies to independent actions seeking review from judgment. *Id.* The policy supporting the finality of judgments recognizes that, '' 'in most instances society is best served by putting an end to litigation after a case has been tried and judgment entered.' '' *NC-DSH*, 125 Nev. at 653, 218 P.3d at 858 (quoting *Hazel-Atlas Co. v. Hartford Co.*, 322 U.S. 238, 244 (1944), *abrogated on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)). Similar to a qualified immunity or other privilege defense, the bar against relitigation of already-decided issues is, in essence, ''an entitlement not to stand trial or face the other burdens of litigation'' and ''should be resolved at the earliest possible stage in litigation.'' *Butler v. Bayer*, 123 Nev. 450, 458, 168 P.3d 1055, 1061 (2007) (internal quotations omitted). ''Summary judgment is appropriate when [claim or] issue preclusion bars a claim.'' *Elyousef v. O'Reilly & Ferrario, LLC*, 126 Nev. 441, 443, 245 P.3d 547, 548 (2010).

## B.

The Supreme Court comprehensively reviewed Rule 60(b) in its 1998 decision in *United States v. Beggerly*, focusing, in particular, on the independent action for relief from judgment preserved by its ''savings clause.'' As *Beggerly* notes, the 1946 amendments to Federal Rule 60(b) expressly abolished ''nearly all of the old forms of obtaining relief from a judgment, *i.e.*, coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of review''; only ''one of the old forms, *i.e.*, the 'independent action,' still survived.'' 524 U.S. at 45 (footnote omitted). Because it was preserved by ''savings clause,'' not created by grant, Rule 60(b) did not specify the requirements for a viable independent action. The Advisory Committee notes acknowledged, though, that the time limits imposed on motions for relief for judgment did not apply to the independent action preserved by Rule 60(b)'s savings clause.

*See* Fed. R. Civ. P. 60 advisory committee's note (1946 amendment) ("If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action."), *quoted in Beggerly*, 524 U.S. at 45; *accord Pickett v. Comanche Construction, Inc.*, 108 Nev. 422, 426-27, 836 P.2d 42, 45 (1992).

Rule 60(b) thus contains an inherent dichotomy: "If relief may be obtained through an independent action in a [routine] case . . . , where the most that may be charged against the [judgment victor] is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year [in Nevada, six-month] time limit on such motions would be set at naught." *Beggerly*, 524 U.S. at 46. Addressing this dichotomy, *Beggerly* holds that "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel-Atlas Co.*, 322 U.S. at 244). *See also NC-DSH*, 125 Nev. at 654, 218 P.3d at 858 (upholding, under NRCP 60's savings clause, relief from judgment for "fraud upon the court" but limiting it to " 'that species of fraud which does, or attempts to, subvert the integrity of the court itself' "; rejecting argument that "fraud upon the court" means "any conduct of a party or lawyer of which the court disapproves; among other evils, such a formulation 'would render meaningless the [time] limitation on motions under [Rule] 60(b)(3)' " (alterations in original) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993); *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (Friendly, J.))). "[U]nder the Rule, an independent action should be available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47.

The claimants in *Beggerly* sought relief by independent action from a 12-year-old quiet-title judgment. They "allege[d] only that the United States failed to 'thoroughly search the records and make a full disclosure to the Court regarding [an early land patent] grant,' " that, had it been disclosed before judgment, might have defeated the United States' claim of superior title. *Id.* The Court deemed it "obvious" that the *Beggerly* claimaints' "allegations do not nearly approach [the] demanding [grave-miscarriage-of-justice] standard." *Id.* "Whether such a claim might succeed under Rule 60(b)(3)," the Court continued, "we need not now decide; it surely would work no 'grave miscarriage of justice,' and perhaps no miscarriage of justice at all, to allow the judgment to stand." *Id.* Thus, the Court rejected the claimants' independent action for

relief from judgment and reversed the court of appeals decision allowing the action to set aside the judgment to proceed.

## C.

Bonnell's allegations do not establish a basis for an independent action for relief from judgment. Her claim is that the Lawrences and/or their lawyer committed "misconduct and/or misrepresentation" that led the first district judge into legal error when they invoked NRS 111.205, Nevada's statute of frauds, as grounds for summary judgment but failed to acknowledge—or ask the district court to consider—that partial performance might defeat the statute's application. She also asserts that the motion practice leading to entry of summary judgment against her in the first suit was flawed because she did not receive proper notice of the hearing time.

These allegations do not meet the requirements of a traditional equitable action for relief from judgment, much less *Beggerly*'s "demanding standard" of a "grave miscarriage of justice." As noted, *supra* note 4, the equitable action for relief from judgment was traditionally available to redress "fraud or act of the prevailing party, or . . . mistake or accident on the part of the losing party, unmixed with any fault of himself or his agent," *Royce*, 16 Nev. at 30 (quotation omitted); in addition, the losing party had to show that she did not have an adequate remedy at law and that the judgment "ought not, in equity and good conscience, to be enforced." *National Surety*, 120 F. at 599. Under these standards, "a party's failure voluntarily to disclose to the court or to his adversary the weakness of his own case or defense [was not considered] justification for vacating a judgment." *Villalon v. Bowen*, 70 Nev. 456, 467, 273 P.2d 409, 414 (1954) (dictum).

Bonnell had legal remedies available, moreover, that she neglected. When she received notice of entry of the summary judgment, she had the right to move within 10 days for a new trial and/or to alter or amend the judgment under NRCP 59; the right to file within 30 days a notice of appeal under NRAP 4(a)(1); and arguably the right to move for relief from judgment based on excusable neglect or "misrepresentation or other misconduct of an adverse party" within six months under NRCP 60(b)(1) and (3). We recognize that Bonnell was self-represented during these time periods and that, in the summary judgment setting at least, lack of explanation to a proper person litigant as to what is required to defeat a properly supported summary judgment has been held in some jurisdictions to be error cognizable on direct appeal, *see Vital v. Interfaith Medical Center*, 168 F.3d 615, 621 (2d Cir.

1999); *but cf. King v. Cartlidge*, 121 Nev. 926, 928, 124 P.3d 1161, 1163 (2005).

Nonetheless, while Bonnell alleges confusion as to the time for the summary judgment hearing, for which she blames the Lawrences and their lawyer, she does not allege that misconduct by them, personal incapacity, or other extenuating circumstance excuses her failure to act after summary judgment was entered, while her post-judgment motion and appeal times ran. *Cf.* Restatement (Second) of Judgments § 72 (1982) (incapacity plus lack of representation may provide a basis to avoid a judgment). Fundamental rules governing the finality of judgments " 'cannot be applied differently merely because a party not learned in the law is acting pro se.' " *Raymond J. German, Ltd. v. Brossart*, 816 N.W.2d 47, 50 (N.D. 2012) (quoting *McWethy v. McWethy*, 366 N.W.2d 796, 798 (N.D. 1985)); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("Even pro se litigants must follow the rules."); *see Vanisi v. State*, 117 Nev. 330, 340, 22 P.3d 1164, 1171 (2001) (party proceeding proper person in a criminal case must comply with relevant rules of procedural and substantive law).

Finally, and most fundamentally, Bonnell alleged nothing that suggests that allowing the prior summary judgment to stand works a "grave miscarriage of justice." While the Lawrences did not make Bonnell's legal argument for her, they did disclose, through Sabrina Lawrence's affidavit, the facts on which Bonnell might establish a partial-performance defense to the statute of frauds. Thus, the Lawrence affidavit acknowledged both Bonnell's $135,000 payment and the fact that Bonnell had lived, rent-free, in the Lindell premises for a time after making it.

What Bonnell is arguing, therefore, is legal error: that she had a partial-performance argument that might have defeated summary judgment that the Lawrences did not suggest to the first judge. Bonnell's chances of success with this argument are not as great as she seems to assume. *Compare Zunino v. Paramore*, 83 Nev. 506, 509, 435 P.2d 196, 197 (1967) (partial performance will not overcome the statute of frauds unless "proved by some extraordinary measure or quantum of evidence"), *with Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) ("in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden"), *and Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (adopting *Liberty Lobby* and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Even assuming Bonnell had a partial-performance defense to the statute of frauds, the most that can be said in terms of its nondisclosure's impact on the summary

judgment is that legal error may have occurred in the first suit. If so, Bonnell's remedy was by timely NRCP 59 motion or appeal, *Misty Management v. District Ct.*, 83 Nev. 180, 182, 426 P.2d 728, 729 (1967), not independent action for relief from judgment. *Mitchell*, 651 F.3d at 599 (a party's claim of prior legal error does not involve a "grave miscarriage of justice" such that "enforcement of the judgment would be manifestly unconscionable or [present such] unusual and exceptional circumstances" to merit disturbing the judgment's finality, especially where the party "failed to raise his claim at earlier available opportunities").

### D.

Citing two pre-*Beggerly* decisions, *Pickett v. Comanche Construction, Inc.*, 108 Nev. at 426-27, 836 P.2d at 45, and *Nevada Industrial Development v. Benedetti*, 103 Nev. at 364, 741 P.2d at 805, Bonnell argues that she can overcome the preclusive effect of the prior summary judgment and her delay because she is proceeding by independent action, not by motion. She over-reads both decisions. In *Pickett*, relief by independent action was allowed in favor of nonparties to the underlying action who did not have notice of the judgment adversely affecting them until the time for post-judgment motions and appeal had passed. And *Benedetti* was a suit for restitutionary relief from a stipulated judgment calculated on the basis of a mutual mathematical mistake. Despite the broad language in these cases, neither holds, as Bonnell argues, that relief from judgment is available by independent action without regard to the grounds asserted therefor and the failure to have pursued other adequate legal remedies.

### III.

For these reasons, we conclude that nothing in the record of the first or second suit or the pleadings suggests the threat of a "grave miscarriage of justice" needed to sustain an independent action for relief after all available avenues for legal relief were bypassed. Our disposition also obviates Bonnell's further argument that leave should have been given to amend the complaint, for such amendment would have been futile.

Accordingly, we affirm.

CHERRY, C.J., and HARDESTY, J., concur.