An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN CSOMOS, INDIVIDUALLY
AND ON BEHALF OF A CLASS OF ALL
SIMILARLY SITUATED PERSONS,
Appellant,
vs.
VENETIAN CASINO RESORT, LLC,
Respondent.

No. 60887

**FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is an appeal from a district court order of dismissal in a civil action. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

I.

In February 2009, Csomos filed a complaint, *Csomos I*, against Venetian asserting causes of action for breach of contract and failure to pay a discharged employee. He later filed an amended complaint without Venetian's agreement or leave of the district court. The crux of all of Csomos's claims was that his employment contract with Venetian entitled him to a share of the service charges Venetian's customers paid for room service. Venetian moved for summary judgment on the first two claims and dismissal of the amended complaint. The district court granted both motions. Csomos appealed to this court and we affirmed.

Two days after we affirmed *Csomos I*, Csomos filed a new complaint, *Csomos II*, in the district court. Citing the same operative facts as *Csomos I*, he again alleged that Venetian failed to pay him and other similarly situated employees the service charges Venetian imposed on its

customers. But this time, he asserted causes of action for wrongful interference with prospective economic advantage and damages sustained as a third-party beneficiary—both based upon the contractual relationship between Venetian and its customers. Following a motion from the Venetian, the district court dismissed the complaint with prejudice on the basis of claim preclusion. We affirm.

## II.

We subject a district court order granting an NRCP 12(b)(5) motion to dismiss to rigorous review. *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). We accept the non-moving party's factual allegations as true, drawing every reasonable inference in his or her favor, *id.*, but we apply a de novo standard of review to all questions of law, including decisions applying claim or issue preclusion principles, *Bonnell v. Lawrence*, 128 Nev. ___, ___, 282 P.3d 712, 716 (2012).

Claim preclusion applies when three elements are present: (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of the original claims that were or could have been brought in the initial action. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008). Here, the district court correctly applied *Five Star* and held that Csomos's complaint was barred by claim preclusion.

Both parties agree that the first *Five Star* element is not at issue because the parties in *Csomos I* and *Csomos II* are the same.

The second element is also satisfied because the district court and this court decided *Csomos I* on the merits. Csomos argues that the judgments in *Csomos I* were not valid because neither the district court

SUPREME COURT
OF
NEVADA

(O) 1947A

2

nor this court properly considered the claims in his amended complaint. This court disapproves of Csomos's attempt to benefit from his unapologetic disregard of court rules. But even if we were to assume the orders in *Csomos I* are problematic, "whether a decision is correct does not affect its preclusive effect." *Five Star*, 124 Nev. at 1057 n.41, 1059, 194 P.3d at 714 n.41, 715 (discussing *Reed v. Allen*, 286 U.S. 191, 200 (1932)).

Finally, the third element is met because the core issue in both cases is the same: whether an in-suite dining server is entitled to a portion of the service charges Venetian collects from its customers. Both cases involve the same parties and there is no reason that Csomos could not have brought the two purportedly "new" claims in *Csomos I*. The fact that Csomos raised the issues in his first amended complaint demonstrates that he was aware of the issues and apparently believed they related to his initial complaint. Csomos failed to amend his complaint properly, but just because Csomos did not "avail himself of opportunities to pursue his remedies in the first proceeding" does not change the fact that Csomos *could have* brought the "new" claims in *Csomos I*. *Five Star*, 124 Nev. at 1058, 194 P.3d at 715 (internal quotations omitted).

Thus, because all three *Five Star* elements apply, the district court properly dismissed Csomos's complaint.

## III.

Even if claim preclusion did not apply, dismissal is still appropriate because the statute of limitations bars Csomos's claims. Under NRS 11.190, an action upon a contract, obligation, or liability is subject to a four-year statute of limitation. Here, Csomos worked for Venetian until September 18, 2007, and he filed the complaint in *Csomos*

*II* on September 21, 2011. Thus, Csomos filed his complaint more than four years later than the last possible day that his claims could have arisen,[1] and accordingly his claims are barred.

Therefore, for both of the aforementioned reasons we affirm the district court order dismissing Csomos's complaint with prejudice.

It is so ORDERED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Csomos sug gests that a six-year limitation applies to his third-party beneficiary claim because the contract was based on a writing. Even if this were true, Csomos failed to state a claim upon which relief can be granted because nothing in the record demonstrates that Venetian and its customers entered into a contract with the clear intent to benefit banquet services. *Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379-380, 566 P.2d 819, 825 (1977) (explaining the elements a third-party beneficiary must prove).

[2]We have carefully considered Csomos's remaining arguments and find that they are without merit.

cc: Eighth Judicial District Court Dept. 4
William C. Turner, Settlement Judge
Leon Greenberg Professional Corporation
Haygood, Cleveland, Pierce & Thompson, LLP
Fox Rothschild, LLP, Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A