130 Nev., Advance Opinion 48

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG A. DOAN,
Appellant,
vs.
RICHARD WILKERSON, PERSONAL
REPRESENTATIVE,
Respondent.

No. 56591

**FILED**

JUN 2 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order modifying a divorce decree to divide marital property that was disclosed in the divorce pleadings but omitted from the written divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

*Reversed.*

Lemons, Grundy & Eisenberg and Christopher M. Rusby, Reno,
for Appellant.

Willick Law Group and Marshal S. Willick, Las Vegas,
for Respondent.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, CHERRY, J.:

This case presents us with the opportunity to address whether and under what circumstances a marital asset omitted from the divorce decree may be partitioned through a motion for relief from judgment that is filed many years after the divorce was finalized. Because the time

frame for filing a motion for relief from judgment under NRCP 60(b) is within six months after the decree is entered, we conclude that an ex-spouse who did not timely pursue a motion for relief from a divorce decree is not entitled to partition absent exceptional circumstances justifying equitable relief. *See Bonnell v. Lawrence*, 128 Nev. ___, ___, 282 P.3d 712, 715 (2012). One such circumstance justifying equitable relief is when a community asset was not litigated and adjudicated in the divorce proceedings.

Here, the contested marital asset was disclosed and discussed during the course of the divorce proceedings and then left out of the divorce decree. The ex-spouse then waited more than six years after the final decree was entered to file a motion for relief from judgment, long after the applicable six-month period under NRCP 60(b) had expired. Furthermore, even if the motion were considered an independent action for equitable relief, the facts here do not warrant equitable relief because the asset was adjudicated in the divorce proceedings. Accordingly, we reverse the district court's order modifying the final decree of divorce.

## FACTS AND PROCEDURAL HISTORY

Catherine Doan and appellant Craig Doan married in May 1985. During the course of their marriage, Craig was employed as an air traffic controller for the Federal Aviation Administration (FAA). Craig retired from the FAA with more than 23 years of service. He received multiple retirement benefits as a federal employee.

Before Craig retired, the parties filed an action for divorce, seeking dissolution of the marriage and an equitable division of community debts and assets. Catherine and Craig exchanged affidavits of financial condition setting forth their respective monthly incomes, monthly expenses, and marital assets. Although not identifying any

specific account by name, both Catherine and Craig indicated in their affidavits that they owned retirement accounts or pensions, or both. Craig also listed retirement contributions as a monthly expense.

In anticipation of trial, Catherine and Craig each filed pretrial memoranda. Catherine specified in her memorandum that there were federal retirement benefits accrued during the marriage. Craig attached statements of earnings and leave from the FAA, which indicated that he received retirement benefits. He also provided W-2 wage and tax statements, which indicated that he had a retirement plan, pension plan, and deferred compensation.

Although both Catherine and Craig were represented by counsel during most of the divorce proceedings, their respective counsel withdrew from representation shortly before trial. As a result, Catherine and Craig appeared in proper person for their scheduled trial. They agreed to participate in a pretrial settlement conference with the presiding judge. During the settlement conference, Catherine and Craig agreed to divide their property and debt. The district court awarded Catherine spousal support and ordered a final decree of divorce. The final decree of divorce, prepared by Craig and approved by Catherine, was entered in August 2003. The divorce decree did not include Craig's FAA retirement benefit. Another retirement benefit, a voluntary thrift savings plan, was distributed as part of the final decree.

Six years later, in June 2009, Catherine filed a motion for division of an omitted asset after her new counsel discovered that Catherine was not receiving Craig's FAA retirement benefits. She asserted that Craig's retirement benefits were omitted from the divorce decree and must be divided by the district court. She also requested that

Craig reimburse her for her share of the retirement benefits that he had previously received.

After two hearings, the district court denied Catherine's motion to divide the omitted asset, ordering that Catherine was not entitled to Craig's retirement benefits. The district court found that the retirement benefits had been disclosed during discovery because there were references to Craig's retirement in his leave and earnings statements and W-2's. The district court also found that Catherine's first counsel knew about Craig's FAA retirement benefits. Citing *Amie v. Amie*, 106 Nev. 541, 796 P.2d 233 (1990), the district court concluded that there was full and fair disclosure of Craig's retirement and, thus, the retirement benefits could not be treated as an omitted asset.

Shortly thereafter, Catherine filed a motion for reconsideration, which the district court granted. Although the district court maintained that there was full disclosure of Craig's retirement benefits, discussion of retirement, notice of the retirement, and that the retirement was considered in determining the length of alimony, the court found that Craig's retirement benefits were omitted from the divorce decree because of a mutual mistake by the parties. The district court further determined that the four-year residual statute of limitations for civil actions did not apply. The court divided Craig's retirement benefits in accordance with a fractional formula under United States Code, Title 5, § 8445 (2012).

This appeal followed.[1] This court has stayed enforcement of the partition pending resolution of this matter.

## DISCUSSION

"This court reviews district court decisions concerning divorce proceedings for an abuse of discretion." *Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39 (1998). District court rulings supported by substantial evidence will not be disturbed absent an abuse of discretion. *Devries v. Gallio*, 128 Nev. ___, ___, 290 P.3d 260, 263 (2012). "However, . . . the district court must apply the correct legal standard." *Williams v. Waldman*, 108 Nev. 466, 471, 836 P.2d 614, 617-18 (1992).

NRS 125.090 requires that family law cases "conform to the Nevada Rules of Civil Procedure as nearly as conveniently possible." NRCP 60(b) places a six-month time limitation on motions for relief from judgment. In *Kramer v. Kramer*, 96 Nev. 759, 762, 616 P.2d 395, 397 (1980), we held that NRCP 60(b)'s time limitation applied to a motion to modify the property distribution in a divorce decree, where that decree did not reserve continuing jurisdiction. We reasoned that "[i]f the legislature had intended to vest the courts with continuing jurisdiction over property rights, it would have done so expressly, as it did in NRS 125.140(2) concerning child custody and support." *Kramer*, 96 Nev. at 762, 616 P.2d at 397. The policy in favor of finality and certainty underlying NRCP 60(b) applies equally, and some might say especially, to a divorce proceeding. Therefore, in accordance with NRS 125.090 and *Kramer*, we

---

[1]Catherine passed away during the pendency of the appeal, and Richard Wilkerson, her son from a prior marriage, was substituted as the respondent.

 

hold that NRCP 60(b)'s time limitation applies to a motion for relief from or modification of a divorce decree.

*Relief under NRCP 60(b)*

Craig argues that the district court did not have jurisdiction to entertain Catherine's motion for relief from judgment because her motion was filed more than six months after the divorce decree. Under NRCP 60(b), a motion for relief from judgment for mistake, newly discovered evidence, or fraud must be filed not more than six months after entry of final judgment.[2] Although Catherine does not specifically argue which, if any, of these bases for relief applies, it would be irrelevant in any case. Where, as here, a motion for relief or modification premised on mistake, newly discovered evidence, or fraud is filed more than six months after final judgment, the motion is untimely and must be denied. *See Kramer*, 96 Nev. at 761, 616 P.2d at 397.

Craig asserts that we must reverse the district court's ruling if Catherine's motion was untimely and she failed to file an independent action for relief. It is true that, after NRCP 60(b)'s time limitation has expired, Catherine's only means of relief is an independent action for relief on equitable grounds. *See Bonnell*, 128 Nev. at ___, 282 P.3d at 715. Yet we do not agree that this procedural issue is dispositive. "'A party is not bound by the label he puts on his papers. A motion may be treated as an independent action or vice versa.'" *NC-DSH, Inc., v. Garner*, 125 Nev. 647,

---

[2]NRCP 60(b)(4) and (5) are not subject to the time limitation, but neither are they germane to this case. Catherine makes no suggestion that "the judgment is void," NRCP 60(b)(4), or "has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated." NRCP 60(b)(5).

652, 218 P.3d 853, 857 (2009) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868 (2d ed. 1995)). Accordingly, we will consider Catherine's motion for relief as if it were an independent action and apply the standards pertinent to such actions.

*Equitable relief as an independent action*

Relief in equity by independent action may be granted when the claimant meets the traditional requirements of an equitable action, which are more demanding than the requirements of NRCP 60(b)(1)-(3). *Bonnell*, 128 Nev. at ___, 282 P.3d at 715. An independent action for relief from a judgment that has become final or unreviewable "'[is] available only to prevent a grave miscarriage of justice.'" *Id.* (alteration in original) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).

Claim preclusion does not bar independent actions for equitable relief because the exceptional circumstances justifying equitable relief also justify deviation from the doctrine of claim preclusion. *Bonnell*, 128 Nev. at ___, 282 P.3d at 717 (adopting the reasoning of *Beggerly* that independent actions for relief must meet a demanding standard to justify "departure from rigid adherence to the doctrine of res judicata" (internal quotation omitted)); *see also Amie*, 106 Nev. at 542, 796 P.2d at 234 ("The right to bring an independent action for equitable relief is not necessarily barred by res judicata.").[3] Society has no interest in the finality of a

---

[3]Our decision in *Tomlinson v. Tomlinson*, 102 Nev. 652, 654, 729 P.2d 1363, 1364 (1986), held that an action for partition of a military pension was barred by issue or claim preclusion. *Tomlinson* applied Michigan law in its claim preclusion analysis. *See id.* But to the extent that *Tomlinson* conflicts with our later rulings in *Amie* and *Williams*, we hold that it has been abrogated by those decisions.

judgment that was procured by fraud upon the court. *NC-DSH*, 125 Nev. at 653, 218 P.3d at 858.

Historically, our caselaw held that ex-spouses may not bring independent actions to partition after the final judgment of the court unless they show fraud upon the court. *See Taylor v. Taylor*, 105 Nev. 384, 386-87, 775 P.2d 703, 704 (1989) ("The decisional law in this state prior to the enactment of NRS 125.161 held that, absent extrinsic fraud on the part of the party opposing post-divorce partition of retirement benefits, ex-spouses may not bring a new cause of action to partition retirement benefits after the property agreement has become a judgment of the court."). We have since recognized the nonadjudication of marital assets as an exceptional circumstance justifying equitable relief. When a community asset is omitted from divorce proceedings and is therefore not litigated or adjudicated, the asset "may be subject to partition in an independent action in equity." *Williams*, 108 Nev. at 474, 836 P.2d at 619. Hence, the determinative issue in this case is whether Craig's FAA retirement benefit was adjudicated.

In *Amie*, we held that the property at issue was unadjudicated when it simply had been omitted from consideration by the parties. 106 Nev. at 542-43, 796 P.2d at 234-35. Likewise, in *Henn v. Henn*, the seminal case regarding partition of omitted assets, the California Supreme Court stated that "'under settled principles of California community property law, property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce." 605 P.2d 10, 13 (Cal. 1980) (quoting *In re Marriage of Brown*, 544 P.2d 561, 569 (Cal. 1976)), *superseded by statute as stated in In re Marriage of Thorne & Raccina*, 136 Cal. Rptr. 3d 887, 895 (Ct. App. 2012). And in *Williams*, 108

Nev. at 474, 836 P.2d at 619, we reasoned that property was unadjudicated where a party did not have a fair opportunity to present the issue of the property's disposition to the court.[4]

Unlike *Amie, Henn,* or *Williams*, the marital asset in this case was disclosed and discussed during the divorce proceedings and the parties had a fair opportunity to litigate its division. The district court found that there was full disclosure and that retirement benefits were considered in determining the length of alimony. The record supports this finding. Craig attached statements of earnings and leave from the FAA, which indicated that he received earnings for retirement. Craig also provided W-2 wage and tax statements that evidenced his retirement plan. Retirement contributions were listed as a monthly expense in Craig's affidavit of financial condition. Catherine's pretrial memorandum even explicitly identified Craig's FAA retirement benefit as property subject to division.

We conclude that the district court's finding, that the FAA retirement benefit was disclosed and considered, was supported by substantial evidence.[5] The district court erred as to the law, however,

---

[4]We appear to have applied the same rule in the short opinion in *McCarroll v. McCarroll*, 96 Nev. 455, 456, 611 P.2d 205, 205 (1980), although the facts were not fully described there.

[5]The amicus brief filed by the Family Law Section of the State Bar of Nevada addresses the danger of creating a rule that might incentivize parties to divorce proceedings to hide assets. The parties' responses argue whether the FAA retirement pension was disclosed during the divorce proceedings. As noted, we conclude that the record contains substantial evidence in support of the district court's finding that the retirement benefit was disclosed and discussed—the asset was not hidden. Amicus's worry about hidden assets, therefore, is misplaced.

when it ruled that the retirement benefit was an omitted asset merely because it was not mentioned in the decree. Our caselaw, including *Amie*, 106 Nev. at 542, 796 P.2d at 234, and *Williams*, 108 Nev. at 474, 836 P.2d at 619, demonstrates that the relevant inquiry is whether the asset was litigated and adjudicated, not merely whether it was written down in the decree. Here, the evidence shows that the retirement benefit was mentioned in court documents, disclosed, and considered. Thus, the benefit was not omitted from the divorce litigation. Catherine is attempting to relitigate an issue that was already before the district court at the time of the original divorce proceeding.

The fact that the FAA retirement benefit was not mentioned in the decree is not an exceptional circumstance justifying equitable relief. It is up to the Legislature whether to create an action, or permit continuing jurisdiction, for partitioning property that was merely left out of the divorce decree. California has done so: "A party may file a postjudgment motion . . . in order to obtain adjudication of any community estate asset or liability omitted . . . by the judgment." Cal. Fam. Code. § 2556 (West 2004); *see also In re Marriage of Thorne & Raccina*, 136 Cal. Rptr. 3d at 895 ("[T]he trial court may divide a community property asset not mentioned in the judgment."). But under current Nevada law, Catherine is barred from maintaining an independent action to partition the FAA retirement benefit without showing extraordinary circumstances justifying equitable relief, and she has not done so here. Because we so hold, there is no need to address Craig's contention that the independent action was barred by Nevada's four-year residual statute of limitations in NRS 11.220.

For the reasons stated above, we reverse the district court's judgment partitioning Craig's FAA retirement benefit.

_____, J.
Cherry

We concur:

_____C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____J.
Parraguirre

_____, J.
Douglas

_____, J
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A