An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM C. BAUER,
Appellant,
vs.
TERRELL D. BAUER,
Respondent.

No. 62469

FILED

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court post-divorce decree order modifying support, and enforcing the decree. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

Appellant first argues that the district court abused its discretion when it increased his alimony obligation to include respondent's partial tuition, student loan obligation, books, and other education expenses. Respondent argues that the district court maintained jurisdiction to modify the existing alimony award, and thus, this modification was proper. NRS 125.150 allows the district court to award different forms of alimony based on different considerations when granting a divorce. Under NRS 125.150(1)(a) a court may award alimony that is just and equitable in a lump sum or as specified periodic payments. When granting a divorce, a court may also award alimony under NRS 125.150(9) for training or education relating to a job or career. Here, respondent's alimony award provided by the divorce decree was for periodic equitable alimony under NRS 125.150(1)(a), and thus, while the district court retained jurisdiction to modify that periodic alimony award

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29285

under NRS 125.150(7), the court could not grant respondent a new form of relief by awarding alimony for school expenses under NRS 125.150(9). *See* NRS 125.150(1), (7); *see generally* NRCP 8 (explaining that claims for relief should be set forward in a pleading); *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (providing that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case). Thus, because the district court lacked authority to grant respondent a new form of alimony under NRS 125.150(9), we reverse the alimony award set forth in paragraphs 33-36 of the district court Order After Evidentiary Hearing.[1]

The increase in periodic alimony set forth in paragraph 39 of the Order After Evidentiary Hearing, however, was not an abuse of discretion. Because periodic alimony was awarded in the divorce decree, the district court retained jurisdiction to modify that award upon changed circumstances. NRS 125.150(7). We conclude that the district court did not abuse its discretion when it found changed circumstances and modified respondent's periodic alimony. *Gilman v. Gilman*, 114 Nev. 416, 422, 956 P.2d 761, 764 (1998) (providing that this court reviews a modification of spousal support award for an abuse of discretion). Although the decree states that pay-down or satisfaction of the parties' IRS debt may not be grounds to modify alimony, the changed circumstances the district court relied on were independent of any pay-down or satisfaction of the IRS debt.

---

[1]Because we find that the award of rehabilitative alimony was improper, we do not address appellant's alternative argument that the district court relied on an incorrect theory of indemnification regarding the $10,000 tuition award.

SUPREME COURT
OF
NEVADA

(O) 1947A

Appellant next argues that the district court abused its discretion when it increased the duration of the alimony award by adding nine-and-a-half years of alimony at $1.00 per year, for the purpose of retaining jurisdiction over alimony to protect respondent from liability arising from appellant's future noncompliance with the divorce decree. Because respondent's alimony award contemplated appellant's assumption of the IRS debt, retaining jurisdiction over alimony in light of the future uncertainty of any IRS enforcement action was not an abuse of discretion. *See Holstein v. Holstein*, 412 S.E.2d 786, 789-90 (W. Va. 1991) (upholding a nominal alimony award made to retain jurisdiction when the wife's health and ability to obtain health insurance was uncertain), *overruled on other grounds by Banker v. Banker*, 474 S.E.2d 465 (W. Va. 1996); *see also Bird v. Bird*, 312 P.2d 773, 774 (Cal. Ct. App. 1957) ("[The] question of making a nominal award for the purpose of retaining jurisdiction to deal with future possibilities is one which . . . is committed to the sound judicial discretion of the trial judge.").

Appellant additionally contends that the district court abused its discretion when it required him to maintain a life insurance death benefit sufficient to cover the parties' total IRS debt. This mandate was not provided in the divorce decree and neither was such relief properly requested by respondent.[2] A district court order may be modified under

---

[2]The divorce decree provides: "[appellant] shall maintain [respondent] as a beneficiary of the death benefit of such policy in an amount sufficient to pay off his total child support and spousal support obligations. . . . Moreover, *[appellant] shall not designate any remaining death benefit to any other beneficiary other than his own estate up to the amount of the parties' joint obligation to the [IRS]*." (emphasis added). Although this language contemplates any remaining death benefit after
*continued on next page...*

NRCP 59 or NRCP 60(b), however here, no appropriate motion was made and no such relief was requested. Accordingly, the portion of the district court order requiring the life insurance policy death benefit to fully cover the IRS debt was an abuse of discretion to the extent that it deviated from the terms in the divorce decree. *Fuller v. Fuller*, 106 Nev. 404, 406, 793 P.2d 1334, 1336 (1990) ("The district court does not have jurisdiction to modify a decree of divorce unless a rule or statute so provides."); *see also Wolff v. Wolff*, 112 Nev. 1355, 1360, 929 P.2d 916, 919 (1996) (noting that unlike spousal support, an interest in community property is not subject to modification).[3]

Finally, appellant challenges the district court's modification of his child support obligation arguing that the district court failed to make a finding that the children's needs were not being met by the presumptive statutory maximum amount. The district court, however, found that there was "good cause to deviate from the [child support] cap in this case," and made findings regarding the appropriate factors under NRS 125B.080(9). Thus, the district court did not abuse its discretion when it increased appellant's child support obligation. *Herz v. Gabler-Herz*, 107 Nev. 117, 118-19, 808 P.2d 1, 1 (1991) (holding that a district

---

*...continued*
the support obligations are satisfied being available for the IRS debt, it does not require the death benefit to fully cover the IRS debt.

[3]Because the parties' divorce decree states that appellant will maintain respondent as a beneficiary in the amount of his alimony and child support obligation, the district court did not abuse its discretion when it enforced this provision of the decree and ordered appellant to provide documentation that respondent would be maintained as a beneficiary before she signed the documents in question.

court did not abuse its discretion in ordering an upward departure from the statutory formula based on a factor other than increased need); *Love v. Love*, 114 Nev. 572, 579-80, 959 P.2d 523, 528 (1998).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court to enter a new order consistent with our decision.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jennifer Elliott, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Radford J. Smith, Chtd. D/B/A Smith & Taylor
Sterling Law, LLC
Eighth District Court Clerk